JOHN C. ONDERDONK, Appellant, v. ANDREW J. ONDERDONK et al., Respondents.

The will of O. expressly disinherited his son J.; after creating various trusts and giving certain specific legacies, it contained a provision imposing many conditions upon the beneficiaries and making the executors sole judges of their performance. Following this was a residuary clause which created certain trusts and made a valid disposition of the residuary estate. Said clause terminated as follows: "My further will is that all my property not herein otherwise legally disposed of, and any gifts, bequests or devises which are adjudged invalid, or which fail, lapse, cease, or are forfeited for violation or non-fulfillment of any condition precedent or subsequent, or for any cause, shall also pass, go over, belong and be added to this 'residue,' and be apportioned and held on the same trusts aforesaid; but if this latter provision be illegal, unlawful or impossible, the same shall be distributed, *per stirpes*, among my first wife's complying, unoffending descendants." Following this were various other provisions and then this clause: "It is my will that in case any trust, bequest, order, provision or direction herein should be held illegal or void, or fail to take effect for any reason, that no other part of this will shall be thereby invalidated, impaired or affected, but that this my will shall be construed and take effect in the same manner as if the invalid direction or provision had not been contained therein. And if any preceding trust is valid in substance, but its final distribution is suspended beyond the time or lives limited by law, and so far, is invalid, I wish the trust not to fail therefor; but that its duration be performed, modified and limited during the lives, and to the remotest period allowable. If any section contains both valid and invalid provisions, I wish the invalid provisions striken out and the valid provisions to remain in full force. And where any trust herein is made dependent on and during the life of any grandchild or specified person, who predeceases me, I wish the trust not to thereby fail; but that my youngest grandchild living at my death, be substituted as the person on and during whose life such trust shall depend, continue and determine." In an action brought by J. to have it adjudged that certain clauses of the will were invalid, and that as to the property therein specified, the testator died intestate, *held*, that a demurrer to the complaint was properly sustained; that the plaintiff could take nothing if the provisions complained of should be adjudged invalid, as the clauses providing for the case of such invalidity then became operative, and made a valid disposition of the property; also, that there was nothing in the residuary clause vague, uncertain or unlawful.

(Argued April 22, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 16, 1889, which affirmed a judgment in favor of defendants, entered upon the decision of the court on trial at Special Term, sustaining a demurrer to the plaintiff's complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Delos McCurdy* for appellant. It is absolutely essential to the validity of a trust in this state that the power conferred upon the trustee be so defined and limited by the testator that the courts can either compel or control its exercise, or in default of its exercise by the trustee, execute the power by an ordinary decree in equity. (*Levy* v. *Levy,* 33 N. Y. 104; *Dillage* v. *Greenough,* 45 id. 445; *Power* v. *Cassidy,* 79 id. 602; *Prichard* v. *Thompson,* 95 id. 81, 82; *In re O'Hara,* Id. 418, 419; *Holland* v. *Alcock,* 108 id. 312.) Trusts cannot be created with a proviso that the interest of the *cestui que trust* shall not be alienated or shall not be made subject to the claims of creditors. (*Hallett* v. *Thompson,* 5 Paige, 583; *Bramhall* v. *Ferris,* 14 N. Y. 41; *Williams* v. *Thorn,* 70 id. 270; *Schettler* v. *Smith,* 41 id. 344; *Hawley* v. *James,* 16 Wend. 120; *Gott* v. *Cook,* 7 Paige, 540; *Boynton* v. *Hoyt,* 1 Den. 53; *Knox* v. *Jones,* 47 N. Y. 389–397; *Sherwood* v. *Am. Bible Soc.,* 4 Abb. Ct. App. Dec. 233; *Downing* v. *Marshall,* 23 N. Y. 366; *Owens* v. *Missionary Soc.,* 14 id. 380.) It is contended that the plaintiff has no standing in court, for the reason that he would have no interest in the property even if the provisions of the will disposing of it were declared invalid. This proposition, we submit, cannot be sustained. The law is clear that a testator who endeavors to dispose of his property by provisions which are declared to be invalid, as to that property, dies intestate, and its disposition must follow the statute of distributions. (*Kerr* v. *Dougherty,* 79 N. Y. 327, 344, 345; *Stephenson* v. *Ontario,* 27 Hun, 380; 92 N. Y. 432; *Ward* v. *Ward,* 105 id. 68; *Wager* v. *Wager,* 80 id. 161.) The persons appointed executors of the will are to deter-

mine whether the conditions of the will have been complied with, and are at the same time the legatees and beneficiaries therein mentioned. It is for them to say who shall participate in the benefits of the will, and who are complying and unoffending descendants, and to pass upon the question of their compliance or non-compliance with the conditions. They can exclude any legatees and beneficiaries, and so enlarge their own benefits. Such powers conferred upon executors where they are also beneficiaries are not powers which can be exercised by a court of equity, and are invalid. (*Moore* v. *Moore*, 47 Barb. 258.) The provisions contained in the will against contesting the same do not apply to an action for its construction. (*Woodward* v. *Jones*, 44 Hun, 95.)

*George W. Van Slyck* for respondents. An action for the construction of a will by heirs at law and next of kin, for the sole purpose of having it declared invalid, will not be entertained, especially when complete relief can be had in the Surrogate's Court. (*Horton* v. *Cantwell*, 108 N. Y. 225 ; *Weed* v. *Weed*, 94 id. 243 ; *Wager* v. *Wager*, 89 id. 161 ; *Chipman* v. *Montgomery*, 63 id. 221 ; *Higgins* v. *U. T. Co.*, 32 N. Y. S. R. 197 ; *Anderson* v. *Anderson*, 112 N. Y. 104.) The plaintiff has no interest in the estate of the testator, even if the clauses designated in the complaint are invalid. (*Horton* v. *Cantwell*, 108 N. Y. 255 ; *Riker* v. *Cornwell*, 113 id. 115 ; *In re Crossman*, Id. 503 ; *Floyd* v. *Carew*, 88 id. 560 ; *In re Benson*, 96 id. 449 ; *Cruikshank* v. *Home for Friendless*, 113 id. 337 ; *King* v. *Strong*, 9 Paige, 94 ; *James* v. *James*, 4 id. 115 ; *King* v. *Woodull*, 3 Edw. Ch. 79 ; *Banks* v. *Phelan*, 4 Barb. 80 ; 2 Roper on Legacies, 453 ; 2 Redf. on Wills [1st ed.] 115 ; *Bland* v. *Lamb*, 2 J. & W. 406 ; *Reynolds* v. *Cortwright*, 18 Beav. 417, 427.) The second paragraph of the will is not invalid and does not unlawfully suspend the power of alienation. (*Monarque* v. *Monarque*, 80 N. Y. 320 ; *Smith* v. *Van Ostrand*, 64 id. 278.) The direction in section 29 concerning accumulations is for a period only during the minority of the beneficiary. (*Pray* v.

*Hegeman,* 92 N. Y. 508; *Barbour* v. *DeForrest,* 95 id. 16; *Williams* v. *Williams,* 8 id. 525, 563.) The provisions contained in paragraph 26 of the will providing against the appropriation of the trust property to or for the debts of the descendants are valid. (*Leggett* v. *Perkins,* 2 N. Y. 296; 2 Story's Eq. Juris. § 1306.) The requirements contained in the 39th clause of the will are not conditions precedent. (2 Redf. on Wills, 303; 22 Tex. 350; 3 Pet. 374; Hill on Trustees, 491, 492; *Wainright* v. *Waterman,* 1 Ves. 311; *Keaty* v. *Burton,* 14 id. 434; *Wynne* v. *Wynne,* 2 Man. & Gr. 8; *Weatherhead* v. *Stoddard,* 58 Vt. 623, 630; *Millard's Appeal,* 87 Penn. St. 457; *Hone* v. *Van Schaick,* 20 Wend. 564; *Loyd* v. *Branton,* 3 Mer. 108; *Carson* v. *Carson,* Phill. [N. C.] Eq. 57; Jarman on Wills [5th Am. Ed.], 516; 2 Perry on Trusts, 250; *Fox* v. *Fox,* L. R. [19 Eq. Cas.] 286, 290; *Harrison* v. *Grimwood,* 12 Beav. 192; *Post* v. *Hover,* 33 N. Y. 601; *Mason* v. *Jones,* 2 Barb. 229, 243; *Leggett* v. *Perkins,* 2 N. Y. 306; *DuBois* v. *Ray,* 35 id. 163; *In re Verplanck,* 91 id. 443; *Smith* v. *Edwards,* 88 id. 102.) The power given to the trustees to refuse to apply or pay over the testator's property, under paragraph 39, is valid. (*Power* v. *Cassidy,* 79 N. Y. 602; *Donovan* v. *Von de Mark,* 78 id. 244; *Holden* v. *Strong,* 116 id. 471; *Nicholls* v. *Eaton,* 91 U. S. 716; *Collins* v. *Carlisle,* 7 B. Mon. 13, 14; *Bull* v. *Bull,* 81 Conn. 47; *Weatherhead* v. *Stoddard,* 58 Vt. 623, 630; *Millard's Appeal,* 87 Penn. 457; *Reed* v. *Patterson,* 44 N. J. Eq. 211, 220; *Longmire* v. *Broom,* 7 Ves. 125; *Eaton* v. *Smith,* 2 Beav. 236; *Gower* v. *Mainwaring,* 2 Ves. 87; *Cochrane* v. *Paris,* 11 Gratt. 348; *Bramhall* v. *Ferris,* 14 N. Y. 49, 51; *Hawley* v. *James,* 5 Paige, 468; 16 Wend. 176; *Burns* v. *Clark,* 37 Barb. 496; *Bronson* v. *Strouse,* 57 Conn. 147; *Leavitt* v. *Beirne,* 21 id. 8, 9.) The discretion to be exercised by the trustees in executing the trust for the benefit of the testator's son, Francis, is fully justified by the law. (*Gott* v. *Cook,* 7 Paige, 536, 539; *Mason* v. *Jones,* 2 Barb. 229; *Leggatt* v. *Perkins,* 2 N. Y. 296.) It is not only lawful, but it is the constant practice to make beneficiaries under a trust in a

will trustees when other trustees are also appointed to act with the beneficiaries. (*Bundy* v. *Bundy*, 38 N. Y. 410; *Cheyne* v. *Postley*, 4 Dem. 492.) In the construction of wills, the presumptions are in favor of, and to uphold a will, rather than to defeat the intention and wishes of the testator. (*Vernon* v. *Vernon*, 53 N. Y. 361; 43 Hun, 14.)

HAIGHT, J. This action was brought to have certain provisions of the will of the late Horatio G. Onderdonk adjudged invalid, unlawful, indefinite, uncertain, void and of no effect, and that as to the property therein mentioned, Horatio G. Onderdonk died intestate, and that the whole thereof vested in the plaintiff and the other heirs at law and next of kin of said deceased.

The complaint, among other things, in substance alleges that Horatio G. Onderdonk, late of Manhasset, died in the year 1886, leaving him surviving the defendant Andrew J. Onderdonk, Sarah Onderdonk, Catherine E. Onderdonk, Maria O. Simms, Josephine D. Skillman, Francis Onderdonk, and this plaintiff as his only heirs at law and next of kin; that at the time of his death he was seized and possessed of real and personal estate situate within the state of New York to the amount and value, as plaintiff is informed and believes, of two million dollars and upwards; that he left a last will and testament bearing date the 15th day of December, 1885, and a codicil thereto bearing date the 17th day of March, 1886, which will and codicil were duly admitted to probate as a will of both real and personal estate by the surrogate of the county of Queens on the 1st day of June, 1886; that in and by such will the defendants Sarah Onderdonk, Maria O. Simms, Josephine D. Skillman, Catherine Elizabeth Onderdonk, Edward P. Simms, Harry Simms and Andrew J. Onderdonk, their survivors and successors, were appointed executors and trustees thereof, and that they have duly qualified and entered upon the discharge of their duties as such.

The will contains numerous provisions, many of which are not questioned. He gave and devised

1.   To his executors the capital sum of ninety thousand dollars in trust to safely and profitably invest the same, collect the income thereof and pay it to his daughter, Sarah Onderdonk, during her life, for her sole use, free from any husband's or creditor's claim ; and after her death, without issue, to pay said income to her sister, Catherine E., during her life, for her sole use, free from any husband's or creditor's claims ; and after said Catherine's death to pay over said capital sum *per stirpes* to her next of kin of the testator's first wife's blood legally entitled to it, as though it were her absolute property, and she had died unmarried and intestate.   But if at said Sarah's death she leave surviving issue, said capital sum shall be paid to such issue *per stirpes* as if it was her absolute property, and she had died unmarried and intestate.

2.   He gave to the executors the capital sum of eighty thousand dollars in like trust for his daughter, Maria O. Simms, during her life.

3.   He created a similar trust to that of the first provision, in favor of his daughter, Josephine D. Skillman.

4.   Created a similar trust in favor of his grandson, George O. Linkletter.

5.   Created a similar trust in favor of his daughter, Catherine Elizabeth Onderdonk.

6.   Disinherited the plaintiff.

7.   Created a similar trust to the amount of thirty thousand dollars in favor of his son Francis, but upon certain conditions, the non-performance of which works a forfeiture of his right to the same.

10.   He gave to his son, Andrew Joseph Onderdonk, certain mortgages, judgments, claims and demands therein expressly enumerated which he estimates to exceed one hundred thousand dollars in value, but as a condition precedent he required his son Andrew to pay or secure the executors the principal and interest without discount or offset of certain notes, checks, due bills, bonds and mortgages, etc., therein specifically mentioned.

16. He provided that when the executors have paid all the debts, funeral charges and specific legacies, and have set apart the designated bonds for the several trusts, then all the rest and remainder is to be known and denominated the " residue," and shall be divided into six equal shares.    These shares he gave to the executors in trust to safely and profitably invest, collect the income, rents and profits thereof ; the first share to be held for the use of his daughter Sarah who shall receive the income thereof during her life ; and after her death, without surviving issue, to be held for the use of her sister Catherine E., who shall receive the income thereof during her life ; and after her death such first share shall be paid to her next of kin of his first wife's blood.    Similar provisions are made in reference to the other five shares of the residue to other children, including his grandson George O. Linkletter, and then concludes the provision as follows: " My further will is that all my property not herein otherwise legally disposed of, and any gifts, bequests or devises which are adjudged invalid, or which fail, lapse, cease, or are forfeited for violation or non-fulfillment of any condition precedent or subsequent, or for any cause, shall also pass, go over, belong and be added to this 'residue,' and be apportioned and held on the same trusts aforesaid ; but if this latter provision be illegal, unlawful or impossible, the same shall be distributed, *per stirpes*, among my first wife's complying, unoffending descendants."

39. Imposed many conditions upon the beneficiaries and made the executors the sole judges of their performance.

40. " In case any aforesaid legacy, trust, income or devise is annulled, vacated, forfeited or suspended by death, vagueness, uncertainty, misconduct or non-performance of any condition, or shall lapse, cease or fail for any cause, and no valid order is hereinbefore made for its gift over or distribution to any specific person, fund or object, then I give the same one-third to the then living daughter of my brother James, and the then living son and daughter of my nephew Joseph O. Skillman, to be divided equally between them, *per capita*, and the other two-thirds to Edward P. Simms, to be applied in his

discretion for the use of Saint Peter's Hospital, or Saint Catherine's Hospital, or any other hospital in Brooklyn where he thinks it will do the greatest good."

41. "It is my will that in case any trust, bequest, order, provision or direction herein should be held illegal or void, or fail to take effect for any reason; that no other part of this will shall be thereby invalidated, impaired or affected, but that this, my will, shall be construed and take effect in the same manner as if the invalid direction or provision had not been contained therein. And if any preceding trust is valid in substance, but its final distribution is suspended beyond the time or lives limited by law, and so far is invalid, I wish the trust not to fail therefor, but that its duration be performed, modified and limited during the lives, and to the remotest period allowable. If any section contains both valid and invalid provisions, I wish the invalid provisions stricken out and the valid provisions to remain in full force. And where any trust herein is made dependent on and during the life of any grandchild, or specified person, who predeceases me, I wish the trust not to thereby fail; but that my youngest grandchild living at my death be substituted as the person on and during whose life such trust shall depend, continue and determine. If either A. J. Onderdonk or E. P. Simms predeceases me, then I substitute Harry Simms to execute the trusts mentioned in sections 13, 14 and 40."

It will be observed from an examination of the provisions of the will to which we have referred that conditions have been imposed and that in some instances an offending or non-complying beneficiary under the will forfeits such benefits; that after the execution of the trusts the remainder in most instances is devised to complying, unoffending descendants of the testator's first wife's blood.

The bequest to Andrew in the tenth item was upon the condition precedent that he pay certain notes, and some of the daughters were required to execute conveyances, and to enforce obedience to these directions certain conditions were imposed, none of which are improper, nor are they here

questioned. Those to which objection is chiefly made, and which it is claimed render the provisions of the will void are included in the thirty-ninth item of the will. But we have not thought it necessary to consider or discuss them for the reason that we are of the opinion that the plaintiff could take nothing, even though the provisions complained of should be adjudged invalid. As we have seen he was disinherited, and specifically excluded from the benefits of any of the provisions of the will. He can only take as heir at law or next of kin. Unless, therefore, his father died intestate as to some property he could not recover in this action.

After the payment of the debts, funeral charges and legacies and the setting apart of the several trust funds provided for in the will, then under the sixteenth item, all the residue and remainder of the testator's estate is collected into what is called by him the "residue." This residue, as he declares, embraces all of his property not otherwise legally disposed of, and any gifts, bequests or devises which are adjudged invalid or which lapse, cease or are forfeited for violations or non-fulfillment of any condition precedent or subsequent, or for any cause, shall also pass, go over, belong and be added to this residue. The residue is given to the executors in trust and divided into six equal shares. Each share is specifically disposed of. The rents, profits and income for each share is to be paid over during life to the beneficiary named, but in no case does the trust extend beyond the lives of two persons in being, and upon the conclusion of the life estate so created the remainder is directed to be distributed among the next of kin of the beneficiary, *per stirpes*, who shall be of the testator's first wife's blood.

There is nothing in this item that is vague, uncertain or unlawful, and with perhaps a single exception, covers every item of property which is not otherwise legally disposed of.

That exception appears in section thirty-two of the will, wherein it is provided that : "If said Francis, by violating some conditions hereof respecting wines, spirits or tobacco, fails to obtain or subsequently forfeits his contingent interest in my

estate, and then has no lawful issue living, the income of the trust in his favor, accruing during his life, and while he has no lawful issue living, shall be paid to the persons, for the uses and in the proportion specified in section forty hereof."

That section we have already referred to, and to some extent it is a repetition of the concluding clause of section sixteen. It provides, as we have seen, that if any legacy, trust, income or devise is annulled, vacated, forfeited or suspended by death, vagueness, uncertainty, misconduct or non-performance of any condition, or shall lapse, cease or fail for any cause, and no valid order is hereinbefore made for its gift over or distribution to any specific person, fund or object, then he gives it to the persons and societies therein specifically named, thus covering and disposing of every conceivable portion of the estate that may remain undisposed of by other provisions of the will. This section should be construed in connection with section sixteen as only pertaining to the estate remaining undisposed of by that section. The bulk of the residuary estate was disposed of by the former section, and if the disposition therein made should be unlawful, then it is provided that such estate shall be distributed *per stirpes* among the testator's first wife's complying, unoffending descendants, thus finally disposing of every part of the residuary estate covered by that section. The testator states that his first wife, upon her death, entrusted him with her estate, and that he considered it his duty to give to his children by her the benefit of the greater part of his estate. The provisions of section sixteen are in accord with this expressed intention. The provisions of section forty were evidently intended to cover other property, and, therefore, not to operate to disinherit his children by his first wife. But the two sections taken together dispose of his entire residuary estate, of every nature and kind, including every legacy, devise, trust or income that shall lapse, cease or fail or be annulled, vacated or forfeited. The provisions of the latter are not questioned, but those of section sixteen are alleged to be invalid. We have, however, shown that there is nothing in its provisions that is vague,

uncertain or unlawful.    They are valid unless affected by the conditions imposed by section thirty-nine, but, under the provisions of section forty-one, all such provisions or orders as shall be held to be illegal shall be regarded as stricken out, and not as invalidating, impairing or affecting the valid provisions.

The demurrer herein was taken upon the sole ground that the complaint does not state facts sufficient to constitute a cause of action.    No question is raised in reference to the jurisdiction of the court, which we are called upon to consider.

We, therefore, conclude that the plaintiff failed to state a cause of action in his complaint, and consequently the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.