The opinion of the court was delivered by
Miller, J.
The plaintiff, the tutrix of the minor Annie Gertrude Calvert, seeks to recover from defendant, the universal legatee of Sumter C. Boullemet, the amount of the special legacy to the minor *1134 contained in the will of the deceased. The will originally gave to the minor, without condition or qualification, the amount of the legacy, and on the same terms contained legacies to two minors, the nephews of the deceased. By a codicil the testator directed that these legacies to the minors should not be paid till their majority or emancipation, and in the event of the death, before or after that of the testator, of one or two of the legatees, the legacies to them should accrue to the survivor. The codicil further directed the legacies were to be administered by the executrix for the benefit of the minors, until their majority or emancipation. The executrix was the wife as well as the universal legatee of the deceased. She qualified as executrix, caused an inventory to be taken, filed an account exhibiting disbursements, embracing payments of all legacies except those to the minors; these last the account stating not being payable till the majority or emancipation of the minors.
The account was homologated, the universal legatee put in possession and discharged as testamentary executrix. Thereafter, this suit was brought by the tutrix of the minor, Annie Gertrude Oalvert, for the payment of the legacy to the minor. The plaintiff substantially contends that by the discharge of the executrix, procured by her, she ceased to be an officer of the court, or, if deemed a quasi tutrix, she vacated her office, and can not retain the legacy which the will directs she shall hold and administer as executrix
Dispositions similar to that contained in this will with reference to the retention and administration, during minority, of legacies to minors have been upheld by this court. 31 An. 131, the Macias case; the Strauss case, 38 An. 59. We do not understand that these decisions are called in question. It is the discharge of the executrix which is conceived by plaintiff to afford the basis for her demand. Viewed as a valid disposition, the part of this will under consideration imposed a trust or duty upon the executrix, to be performed for the benefit of these minors. Qualifying under the will was acceptance of that trust, and bound the executrix to its performance. Civil Code, Art. 1658. Under the change In our law by statute, executors, It is enacted, shall continue in office until the succession is finally wound up. Civil Code, Art. 1673, adopting the statute; Revised Statutes, Sec. 8. See also 5 An. 645.
In our opinion the executrix was not relieved, by her discharge, from the trust of holding and administering this legacy for the benefit of the minor, as directed by the will. Nor is it appreciated that *1135 the executrix had any purpose to escape from her duty, in this respect, in applying for her discharge as executrix. We hold that quoad ihese minors and the legacies in their favor, the trust and duty imposed on the executrix was unaffected by the discharge granted on her application. In this view, the executrix being still subject to this trust and bound to execute it, there is no basis for plaintiff’s demand, which rests on the' theory that her discharge, as executrix, rendered her incompetent to hold and administer the legacy as directed by the will. The decisions in the Macias and Strauss cases give recognition to quasi tutorships for the execution of dispositions like that under consideration in favor of minors. In this case we think the executorship of defendant continues in respect to the legacies to the minors.
The court reaches its conclusion the more readily, in view of the great solicitude exhibited by the testator on this point, i. e., that no payment of these legacies should be made until the majority or emancipation of the minors, and until then should be held and administered by his executrix. This non-payment until majority or emancipation, and this control and administration by his executrix, who was also his wife and universal legatee, was the dominant idea in the testator’s mind. To effect that purpose the testator added the codicil. In the codicil, in the most explicit terms, he declares and repeats that no payment of the legacies is to be made until the maj ority or eman - cipation of the minors. He makes it more emphatic in changed language, “ it beiug my wish and intention that no portion of these legacies shall be due and payable to the legatees” until they are of age or duly emancipated. His closing expression is that his executrix, previously directed to hold the legacies, shall administer the legacies for the benefit of the minors until their majority or emancipation. The cardinal rule in giving effect to last wills, is to adhere to the intention of the testator. The substantial execution of that intention we think secured by this decision. To order the payment of these legacies to the dative tutrix, an official not within the contemplation of the testator, and that too when the legatees are still minors not emancipated, would, in our opinion, be to defeat and not execute the intention of the testator.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that the plaintiff’s petition be dismissed at her costs.
Rehearing refused.