FERDINAND N. MONJO et al., Respondents, v. ADDIE WOOD-
HOUSE, Appellant, Impleaded with Others.

WILL — DISCRETIONARY POWER OF DISPOSAL OF REMAINDER TO
DEVISEE OF LIFE ESTATE — WHEN DEVISE MADE IN PURSUANCE OF
SUCH POWER MAY BE CHARGED WITH ADVANCEMENTS FOR BENEFIT OF
RESIDUARY ESTATE.   Where a testator devised real estate to his wife for
life with power and authority to devise the same "to any or all of our
children and grandchildren or both in such shares or proportion as to her
shall seem best," the widow has the right in devising under said power an
undivided part of, or interest in, such real estate to a granddaughter of her-
self and deceased husband, to make such devise upon the express condition
that such part be charged with the payment of the indebtedness owing to
her from a son and grandson, and to charge the same upon such real estate.
The fact that she directed that the indebtedness, so charged, should be
paid to her executor as part of her residuary estate, to be divided among
various children and grandchildren of herself and deceased husband, who
were proper objects of appointment under the power, does not make such
charge invalid and void, where such provision was not intended, and does
not operate, to benefit her own estate, but was adopted as affording the
best method to secure a marshaling of the property of her husband and
herself and an adjustment of all advances and loans by herself, in order
to secure equality of distribution among those who were natural heirs and
entitled to appointment under the terms of her deceased husband's will.
   *Monjo* v. *Woodhouse*, 111 App. Div. 80, affirmed.

(Argued April 6, 1906; decided June 5, 1906.)

APPEAL from a final judgment entered February 4, 1906,
upon the report of a referee after an affirmance by the Appel-
late Division of the Supreme Court in the first judicial depart-
ment of an interlocutory judgment of Special Term in an
action of partition.

The facts, so far as material, are stated in the opinion.

*Robert B. Honeyman* for appellant.   To the extent that
Johanna B. Widmayer imposed conditions on the devise
to Addie Woodhouse, her exercise of the power was void.
(*Alexander* v. *Alexander*, 2 Ves. 640; *Sadler* v. *Pratt*, 6
Simon, 632; *Townsend* v. *Townsend*, 27 Misc. Rep. 268;

*Austin* v. *Oakes*, 117 N. Y. 577; *Shannon* v. *Pickel*, 2 N. Y.
S. R. 160; *Hillen* v. *Iselin*, 144 N. Y. 365; *Stuyvesant* v.
*Neil*, 67 How. Pr. 16.) The condition imposed by Johanna
Widmayer upon Addie Woodhouse was a gift out of the
donor's property to her own estate, and it was none the less
so by reason of the fact that her own estate, under her will,
was to go to the persons designated in the donor's will.
(*Cochran* v. *Elwell*, 46 N. J. 333; *Hillen* v. *Iselin*, 144
N. Y. 365.) The boundary between the excess and the valid
execution of this power is clearly distinguishable, and its exer-
cise was invalid only to the extent of the excess. (*Hillen* v.
*Iselin*, 144 N. Y. 365.)

*Eugene L. Bushe* for respondents. The effect of the will
of Mrs. Widmayer, in exercising the power given to her, must
be ascertained from an examination of the whole will. If it
appears from all the features and provisions thereof that they
tend to accomplish the result directed to be accomplished by
the will of George Widmayer, she has validly exercised her
power. (Schouler on Wills, § 460.)

HISCOCK, J. The controversy submitted for our determina-
tion arises in an action of partition. It presents the question
whether the requirement that the appellant, to whom was
appointed under a power an interest in real estate, should pay
to the executor of the person making the appointment a cer-
tain sum of money to be distributed among persons to whom
said real estate might have been appointed, is invalid; whether
appellant is entitled to take said interest under said appoint-
ment freed from said condition and charge as excessive and
invalid.

For the reasons which we shall set forth we think that all
of the substantial provisions making the appointment and
charging the real estate with the payment of the money were
legal and proper, and that, therefore, we should affirm the
judgment appealed from, which overruled appellant's conten-
tion to the contrary.

Appellant's grandfather, originally owning the real estate in question, made a will duly admitted to probate which contained the following clause: "I hereby give and devise to my said wife, Johanna B. Widmayer, my house and lot  *  *  * to have and to hold the same to her for and during the term of her natural life with full power and authority to my said wife to devise the same by her last Will and Testament, or by an instrument in writing in the nature thereof to any or all of our children or grandchildren or both in such shares or proportions as to her shall seem best." And said clause further provided that in case said wife did not so dispose of said house and lot the same should go to the testator's children equally and to certain grandchildren *per stirpes* as tenants in common.  The testator's wife, said Johanna B. Widmayer, executed a will duly admitted to probate, which, after proper reference to the foregoing clause in her husband's will, provided as follows: "Now, I do hereby exercise the power and authority given to me in and by my husband's said will to dispose of said house and lot, and I do give and devise the said house and lot  *  *  *  to and among our children and grandchildren, that is to say:   *   *   *   (Amongst others) One-fifth thereof to our grand daughter Addie Woodhouse." Said will also contained the clause: "Whereas the above devise by me to my grand daughter Addie Woodhouse is made to her upon the express condition on my part that the said 1/5 part shall be charged with the payment of the indebtedness of my said son Harry E. Widmayer to me, and of my grandson Harry Widmayer to me, and whereas my said son Henry E. Widmayer and Harry Widmayer, each is now indebted to me in a large amount together with the interest thereon for moneys loaned by me to each of them respectively, I do hereby charge the payment of the said indebtedness and the interest thereon and also all other sums in which either of them may be indebted to me at the time of my decease, and the interest thereon, upon the said 1/5 part of the said house and lot hereinabove given and devised to my said grand daughter Addie Woodhouse, and direct that out of the said 1/5 part

of the said house and lot the said indebtedness shall be paid to my executor as part of my residuary estate."

There were other clauses reiterating the idea that the interest in said house and lot appointed to appellant should be charged with the payment of the indebtedness mentioned, and that the amount so paid into the estate upon said indebtedness should constitute part of the residuary estate, which latter was directed to be divided among various children and grandchildren who might have been the objects of an appointment under the power already referred to. It was still further provided that the interest of said appellant in said residuary estate should also be subject to the payment of the indebtedness of her father and brother in case the interest in the real estate appointed to her should not be sufficient to pay the same. It was also provided in substance that the interest in said real estate appointed to a son of the testatrix should be subject to the payment into her residuary estate of indebtedness due from him, and also that there should be deducted from the property bequeathed and devised to other children and grandchildren and paid into the residuary estate any amounts advanced to them respectively.

A consideration of the entire will shows that the testatrix desired that both the property of her husband and of herself should be considered together for the purposes of distribution amongst their children and grandchildren, and that she intended that their respective shares should be placed upon an equitable and common basis, through charging each one with any sums which might have been loaned or advanced to him or her, or, as in the case of appellant, to immediate relatives in her branch of the family. Her scheme of distribution involved as its controlling thought that the property of her husband and of herself and advances and loans during life to children and grandchildren, should all be taken into account in making up the different shares. This purpose plainly accounts for the provisions as a whole framed with reference to the appellant. Their ultimate and clear effect is to appoint to her an interest in the real estate charged with the payment of a sum, to be ascertained by

reference to the indebtedness of her father and brother, to the executor of the donee for the purpose of being distributed amongst the children and grandchildren who were proper objects of an appointment.

Passing for the moment the criticised provision that the sum charged upon the real estate should be paid to the executor as part of the residuary estate of the donee of the power, and which we think may be regarded as a matter of mere detail rather than of substance, we have no doubt that the appointment with the charge upon the real estate was a good execution of the power conferred upon the testatrix.

It is to be noted at the outset that the testatrix did not execute the power and make the charge in pursuance of any agreement with the heir or seeking any benefit for herself or for her estate, or trying to accomplish some forbidden or unauthorized purpose, and, therefore, the execution does not all come within the principles of cases condemning an execution of a power as fraudulent and invalid for such reasons, and some of which have been called to our attention. They are not applicable, and it is not necessary or useful to review them.

Upon the other hand, the testatrix having the conceded power to appoint the real estate to any or all of the children and grandchildren, in equal or unequal shares, and to give all of it or none of it to the appellant, has made an appointment to her of a certain interest and charged it with the payment of certain moneys for the sake of making an equitable distribution amongst all of the persons designated by her husband as proper subjects of appointment. The narrow question, therefore, is whether a person having the power by appointment to divide and distribute real estate amongst certain people may accomplish such division and distribution by appointing real estate to one object of the power upon condition of payment of a certain sum to other objects. While this question does not seem definitely to have been settled in this country, it has long been held in England that such a course may be pursued, and we see no reason for not adopting the rule there laid

down, that real estate may be appointed to one subject to a charge by way of payment of money in favor of another. (Farwell on Powers [2d ed.], p. 320; *Roberts* v. *Dixwell*, 2 Sug. on Powers, 570; *Ricketts* v. *Loftus*, 4 Y. & C. Ex. 519; *Thwaytes* v. *Dye*, 2 Vern. 80; *Long* v. *Long*, 5 Ves. 445.)

It has even been held in England that the power to appoint real estate gives the power to sell and appoint the proceeds. (*Kenworthy* v. *Bate*, 6 Ves. 793.)

While this latter doctrine has been denied in this country (*Stephenson* v. *Richardson*, 88 Pa. St. 40; *Alley* v. *Lawrence*, 12 Gray, 373), we do not regard such denial as involving or impairing the power to make an appointment subject to a charge, and which is less a departure from the simple and strict exercise of the power to appoint the real estate.

Passing by the provisions discussed, which we regard as the substantial ones, it may be, and possibly is, urged that the provision that the moneys charged upon appellant's real estate should be paid to the executor of the testatrix " as part of her (my) residuary estate " is irregular and invalid, and avoids the charge attempted to be made by the testatrix.

We do not agree with this contention, which, if sustained, would enable the appellant inequitably to secure an interest in the lands at the expense of her co-heirs greater than her grandmother intended to give her.

As already indicated, we think that this clause simply provides a detail of the manner in which the substantial plan of the testatrix should be worked out. The provision for this payment to her executor does not seek or contemplate the slightest benefit to the testatrix or her estate. It was evidently framed as affording the best method to secure a marshaling of the property of the donor of the power and of the testatrix and consideration of all advances and loans by herself, in order to secure equality of distribution amongst those who were natural heirs. If appellant were in a position to complain of it, and it were essential so to do, we should have no doubt of the power to cut out this provision and to substitute in its place some other unobjectionable one for the pur-

pose of carrying out the intention of the testatrix and securing the distribution of the property which she had before her mind. This we believe could be done under that power, which unquestionably belongs to a court of equity, of correcting and supplementing a defective execution of a power of appointment. (Story's Eq. Jur. [13th ed.] § 169, etc.; *Wilkinson* v. *Nelson*, 7 Jurist [N. S.], 480; *Lucena* v. *Lucena*, 5 Beavan, 249; *Morriss* v. *Morriss*, 33 Grat. 51, 79; *Morse* v. *Martin*, 34 Beavan, 500.)

We do not, however, feel compelled to do this for various reasons.

In the first place we doubt whether the appellant is in position to complain of this provision. The other children and grandchildren who will take the residuary estate into which the sums charged upon the real estate are directed to be paid are not parties to this appeal, although they were parties to the action and appeared upon the entry of and are obviously interested in the judgment appealed from. We are aware that this consideration doubtless affects all of the appellant's rights upon this appeal, but we have preferred to consider the questions discussed upon their merits.

In the second place, it appears from the record that the amount charged against appellant's interest in the real estate and also against her share of the residuary estate exceeds by many thousands of dollars the amount realized from the sale of her interest in the real estate in the partition action. Therefore, it is difficult to see how she has any actual interest in the proceeds of the real estate and in the question whether it is paid to the persons indicated through the residuary estate or by some other manner.

But independent of these difficulties standing in the way of appellant, we see nothing so objectionable in the provision for the payment of the sum charged to the executor of the testatrix as to compel us to declare it illegal.

It is true that in terms she directs said sum to be paid to him as part of her residuary estate and if the fair construction and effect of this language was to make the same so a part of

her residuary estate as to be subject to the contingencies and expenses of administration and the payment of debts, we should regard such feature as too objectionable to be permissible. But the language used is to be construed with due reference to the general purposes and plans of the testatrix and in the light of other provisions of the will.

It was quite essential that the testatrix as a mere detail of administration should confer upon some person the power to ascertain, compute and distribute the sums charged upon the real estate subject to her appointment in accordance with the plan and amongst the persons outlined and specified by her. At the time of executing the will which discharged her power of appointment, she could not very well effectuate her theory of division by appointing directly to the persons who were the objects of appointment, for she could not at that time certainly know what debts and advances might be chargeable to each one. Therefore, she made the provision in question, and interpreting it as we think we may, it did not contemplate that the sums charged upon the real estate should become a part of her residuary estate in any general and unlimited sense. They could not strictly become part of her residuary estate made up of her own property at the time of her death, and it would be illegal for her if she could, to subject such proceeds to the discharge of her own debts and obligations. We not only are not called upon to presume any unlawful and improper intent upon her part, but, upon the contrary, she makes very plain her intention that the sums charged should simply be considered a part of and in connection with whatever residuary estate she might have after payment of expenses, debts and obligations for the purposes of distribution. The executor is to be regarded as holding such proceeds simply for the purpose of paying them to the persons indicated in such respective amounts as might be determined by the directions of the testatrix, and as such in his hands they will not be subject to expenses of administration or debts of the testatrix. Under this construction so placed by us upon the provisions of the will we do not see but what the method adopted by the

testatrix for dividing the real estate or the sums charged thereon amongst the different children and grandchildren will be as simple and safe as any other which could have been devised.

The judgment should be affirmed, with costs.

Cullen, Ch. J., Gray, Edward T. Bartlett, Werner and Chase, JJ., concur; O'Brien, J., absent.

Judgment affirmed.