the lease. Section 9 of the Stock Corporation Law, which provides that upon reorganization of a corporation, upon the sale of the corporate property and franchises to a successor corporation, "such corporation shall be vested with and be entitled to exercise and enjoy all the rights, privileges, and franchises which at the time of such sale belonged to or were vested in the corporation last owning the property sold, or its receiver, and shall be subject to all the provisions, duties and liabilities *imposed by law* on that corporation," relates only to obligations imposed by law, and is not, in my opinion, broad enough to impose upon the defendant contractual obligations of its predecessor which it never assumed.

The judgment appealed from should be reversed, with costs and the complaint dismissed, with costs. All concur.

---

(91 Misc. Rep. 398)

In re WERLE'S WILL.

(Surrogate's Court, Bronx County. July, 1915.)

WILLS ☞750, 846—CONSTRUCTION—GENERAL AND SPECIFIC LEGACIES—APPLICATION TO DEBTS AND EXPENSES.

The first paragraph of a will bequeathed to named legatees 15 shares of preferred stock of a foundry company and 12 shares of United States Steel common stock, and the second paragraph any money remaining to testatrix's credit in a certain bank and also certain personal effects. Testatrix left the exact number of shares in the corporations named, but only $225 in addition to that bequeathed by the two paragraphs, which sum was insufficient to pay debts and funeral and testamentary expenses. *Held*, that the bequest made by the first paragraph was a general, not a specific, legacy, and that the bequest of money was a specific legacy, and the second paragraph was not in effect a residuary clause, and that hence, under Code Civ. Proc. § 2684, providing that articles not necessary for the sustenance of decedent's family, or not specifically bequeathed, must be first sold, and articles so bequeathed must not be sold until the residue of the personal estate has been applied to the payment of debts, the property bequeathed by the first paragraph must be applied to the payment of debts and funeral and testamentary expenses before the property specifically bequeathed by the second paragraph could be applied to such purposes.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1936, 1937, 2141; Dec. Dig. ☞750, 846.]

Proceedings under Code Civ. Proc. § 2615, for the construction of the will of Linda Werle, deceased. Decreed according to opinion.

*John McKinlay Wight*, of New York City, for petitioner.
*George Harrison McAdam*, of New York City, for respondent Marion K. Hawes.

SCHULZ, S. This is a proceeding, brought upon the petition of the executor named in the last will and testament of the decedent, to obtain a construction of the latter's last will and testament pursuant to the provisions of section 2615 of the Code of Civil Procedure. The particular portion of the will as to which he requests

the determination of the court is contained in paragraphs "First" and "Second" thereof.

Paragraph "First" is as follows:

"First. After my lawful debts are paid, I give and bequeath to Mrs. Marion K. Hawes, of Lyndhurst, in the state of New Jersey, fifteen shares of American Car and Foundry preferred stock, and twelve shares of United States Steel, common."

Paragraph "Second" is as follows:

"Second. I give and bequeath to my niece, Mrs. Eliza W. Oliver, of Lincoln, Nebraska, any money remaining to my credit in the Bank of Savings, in the city of New York, and my gold watch and chain and bracelet with fifteen gold dollars attached."

The petition shows that at the time of the death of the decedent her property consisted of the money remaining to her credit in the "Bank of Savings" in the city of New York amounting to $800, 15 shares of the American Car & Foundry preferred stock, and 12 shares of the common stock of the United States Steel Corporation, and that she had no other property than that specifically mentioned in said will, except the sum of $225 in cash in her personal possession, which latter sum was insufficient to pay her debts and funeral and administration expenses. These allegations of the petition are not denied, and must therefore be accepted as true. Code Civ. Proc. § 2546.

The questions which the petitioner desires to have determined are:

(1) Is the legacy contained in the first paragraph a specific or a general legacy?

(2) Is the legacy contained in the second paragraph of said will, to wit, "money remaining to my credit in the Bank of Savings, in the City of New York," a specific or a general legacy?

(3) To what fund or property must petitioner have recourse for the payment of debts and funeral and testamentary expenses of the decedent remaining unpaid after the application thereto as part payment thereof of said sum of $225 cash in the personal possession of the decedent at the time of her death?

Roper on Legacies (page *191) defines a specific legacy as follows:

"The bequest of a particular thing or money specified and distinguished from all others of the same kind, as of a horse, a piece of plate, money in a purse, stock in the public funds, a security for money, which would immediately vest with the assent of the executor."

And he remarks:

"It differs from a general or pecuniary legacy in this respect: That if there be a deficiency of assets, the specific legacy will not be liable to abate with the general legacies; and, on the other hand, if such specific legacy be disappointed, as by failure of the specific fund, the legatee will not be entitled to any recompense or satisfaction out of the personal estate of the testator."

Schouler on Wills and Administration (page 521) defines a general legacy as being "one which does not necessitate delivering any particular thing or paying money out of any particular portion of the estate," and a specific legacy as being "the converse of this, or where a particular thing must be delivered, according to the terms

of the bequest, or money paid out of some particular portion of the estate," and states that:

"One important consequence of this distinction is that, should the assets prove deficient, general legacies must abate, while a specific legacy does not" (except for creditors as a last resort).

Thomas on the Laws of Estates Created by Wills (page 1494) defines a legacy and says:

"A legacy is general, and not specific, unless by its terms it indicates a particular part of the testator's estate as the subject of the bequest."

In Matter of King, 122 App. Div. 354, 106 N. Y. Supp. 1073, the court says:

"A legacy is general when it is so given as not to amount to a bequest of a particular thing distinguished from all others of the same kind."

In the light of these definitions there can be no doubt that the legacy of the shares of stock in paragraph "First" is a general legacy, unless something in the language of that paragraph and the circumstances of the testator's estate indicate that the testatrix intended the shares which she possessed to be the identical shares which she bequeathed to the beneficiary named. The fact that at the time of her death she actually owned the identical number of shares in the respective corporations which she bequeathed to the beneficiary, it is urged, manifests such an intention. The question is not a new one, and I believe is no longer debatable.

In the case of Tifft v. Porter, 8 N. Y. 516, the testator owned 360 shares of Cayuga County Bank stock and by his will he bequeathed 240 shares of Cayuga County Bank stock to one legatee and 120 shares to another, but without indicating that the shares bequeathed were to be taken from those which he owned at the time of his death. The court adjudged that these legacies were not specific, and says in those cases in which legacies of stocks or shares of public funds have been held to be specific:

"Some expression has been found from which an intention to make the bequest of the particular shares of stock could be inferred. Where, for instance, the testator, has used such language as 'my shares,' or any other equivalent designation, it has been held sufficient. But the mere possession by the testator, at the date of his will, of stock of equal or larger amount than the legacy, will not of itself make the bequest specific"—citing Williams, Executors, 842; Roper on Legacies, 2067.

See, also, Shether v. Sherman, 65 How. Prac. 9; Holt v. Jex, 48 Hun, 528, 1 N. Y. Supp. 195; Matter of King, supra; Spencer v. Hay Library Ass'n, 36 Misc. Rep. 395, 73 N. Y. Supp. 712; Matter of Bergen, 56 Misc. Rep. 92, 106 N. Y. Supp. 1038; Osborne v. Mc-Alpine, 4 Redf. Sur. 1.

In my opinion it follows from the foregoing authorities that the bequest contained in paragraph "First" of the last will and testament under consideration is not a specific legacy, but a general legacy.

As to the legacy contained in paragraph "Second," concerning which the executors appear in doubt, it is argued that the bequest of the "money remaining to my credit in the Bank of Savings, in the city

of New York" is not a specific legacy, for the reason that during the life of the testatrix she drew moneys from this bank, and that hence the amount on deposit at the time of her death was uncertain. The question whether a legacy is specific or general, however, does not depend upon the amount, or even upon the certainty of the amount, as is evident from the definitions heretofore set forth.

In Larkin v. Salmon, 3 Dem. Sur. 270, the testatrix bequeathed to beneficiaries named "all the money left in the West Side Bank, after carrying out the directions in the first three clauses of this my will." In the first three clauses of her will she had provided for paying two legacies of $1,000 each, and also for fencing a plot in Calvary Cemetery, so that the amount which would remain in the West Side Bank was also uncertain. The learned surrogate held that the legacy in question was a specific legacy, "within the definition of that expression sanctioned by the highest judicial tribunals," and cites numerous cases. In Estate of Beckett, 15 N. Y. St. Rep. 716, the bequest was of all the money that the testator died possessed of in savings banks, and here also the legacy was held to be specific.

Nor can I see any weight in the contention that the testatrix intended by the bequest under consideration to dispose of the remainder of her estate, and that the clause was in effect a residuary clause. It is conceded that she had the sum of $225 in her personal possession and undisposed of by the will. These facts alone, in my opinion, show that the testator did not intend that paragraph "Second" should have the effect of a residuary clause. I hold that the legacy in question is a specific legacy.

A determination of the first two questions propounded on this construction, it seems to me, is an answer to the third. Section 2684 of the Code of Civil Procedure so far as material provides that:

"Articles not necessary for the support and subsistence of the family of the deceased, or not specifically bequeathed, must be first sold; and articles so bequeathed must not be sold until the residue of the personal estate has been applied to the payment of debts."

It follows in the estate under consideration that the property which is the subject of the general legacy contained in paragraph "First" of the will must be applied to the payment of debts and of funeral and testamentary expenses, if they exceed the sum of $225, before the application thereto of the property mentioned in the specific legacy contained in paragraph "Second" thereof.

I construe the will in accordance with the above conclusions. Settle decree accordingly.

Decreed accordingly.