GEORGE C. HOLT, as Executor of the Last Will and Testament of JOHN JEX, Respondent, *v.* JENNIE JEX, Appellant, and Others, Respondents.

*Specific and general legacies — construction of a will.*

A testator bequeathed by his will to his wife "twenty Chicago, Rock Island and Pacific railroad bonds of the nominal value of $1,000 each, Nos. 3699 to 3715, inclusive, 3843, 3844 and 3845, due in 1917; also fifteen bonds Brooklyn permanent water loan, $1,000 each, and fifteen coupon bonds of the United States, $1,000 each, Nos. 2117, 3548, 138, 137, 141 to 144, inclusive, 159, 2311, 2317, 2324, 2554, 2609 and 382, due in 1899 and 1909;" also other securities. He died possessed of fifteen Brooklyn permanent water-loan bonds of the numbers last above stated, but did not leave among his assets any coupon bonds of the United States.

In an action brought to determine as to the right of the wife to receive these bonds, it was held by the trial court that the fifteen coupon bonds of the United States did not pass to her under the provisions of the will.

*Held,* error; that the numbers following the words "bonds of the United States" referred to the Brooklyn permanent water loan bonds, and not to any United States bonds.

That the Brooklyn permanent water-loan bonds, and also the United States bonds, passed to the wife, the former as a specific bequest and the latter as a general bequest.

That the argument that the gift of the United States bonds must be construed as a specific legacy, because such gift was surrounded by gifts of specific pieces of property in the will, and that if the testator had intended to make a general legacy to his wife it was not to be expected that it would be found in this particular clause of the will, was not sustainable, as in no other clause of the will, except in the clause giving these bonds above enumerated, did the testator make any special provision for his wife.

Appeal from a judgment of the New York Special Term in an action brought to obtain a construction upon the will of John Jex, deceased.

The only question presented in this action related to the proper construction of the sixth clause of the will of said deceased, which was as follows : " I give and bequeath to my dear wife, twenty Chicago, Rock Island and Pacific Railroad bonds of the nominal value of $1,000 each, Nos. 3699 to 3715, inclusive, 3843, 3844 and 3845, due in 1917; also, fifteen bonds Brooklyn permanent water loan $1,000 each, and fifteen coupon bonds of the United States,

$1,000 each, Nos. 2117, 3548, 138, 137, 141 to 144, inclusive; 159, 2311, 2317, 2324, 2554, 2609 and 382, due in 1899 and 1909; also ten bonds of the Central Pacific Railroad Company, $1,000 each, Nos. 3795, 5977, 3297, 7675, 7739, 8896, 9920, 9949, 14472 and 18379. I also give and bequeath to my wife the bond and mortgage of Elisha Dodson, for $3,000, given to me for money loaned him, together with the interest accrued thereon." The testator died possessed of fifteen bonds of the Brooklyn permanent water loan of the numbers above stated, but did not leave among his assets any coupon bonds of the United States. The Special Term held that the gift of fifteen bonds of the United States contained in the foregoing paragraph six of the will, was a specific legacy which was adeemed because no bonds of the United States answering the description given in paragraph six of the will, as to the numbers thereof, were included in the testator's assets.

*W. A. Butler* and *Adrian H. Joline,* for the appellant.

*Payson Merrill,* for the respondents.

VAN BRUNT, P. J.:

The question involved in this appeal arises upon the construction of a single clause of the sixth paragraph of the will in question, which reads as follows: "6. I give and bequeath to my dear wife, twenty (20) Chicago, Rock Island and Pacific Railroad bonds of the nominal value of $1,000 each, Nos. 3699 to 3715, inclusive, 3843, 3844 and 3845 due in 1917; also, fifteen (15) bonds Brooklyn permanent water loan, $1,000 each, and fifteen (15) coupon bonds of the United States, $1,000 each, Nos. 2117, 3548, 138, 137, 141 to 144, inclusive, 159, 2311, 2317, 2324, 2554, 2609 and 382 due in 1899 and 1909; also, ten (10) bonds of the Central Pacific Railroad Company $1,000 each, Nos. 3795, 5977, 3297, 7675, 7739, 8896, 9920, 9949, 14472 and 18379. I also give and bequeath to my wife the bond and mortgage of Elisha Dodson for $3,000 given to me for money loaned him, together with the interest accrued thereon."

The particular clause which is presented for consideration is the one relating to the fifteen bonds of the Brooklyn permanent water loan and the fifteen coupon bonds of the United States. It was held

in the court below that the legacy of the fifteen coupon bonds of the United States was a specific legacy, and that the numbers contained in this clause of the paragraph referred to had reference to these bonds, and the testator having no such bonds, the specific legacy was held adeemed, and the executor under no liability to make it good. A very brief consideration of the language of the will, the grammatical construction of the paragraph in which this clause appears, and the peculiar features of the case presented by the evidence leads us to a different conclusion.

It was assumed by the learned judge in the court below, and to this result he may have been led by the counsel who tried the case below upon the part of the appellant, that the numbers mentioned in the paragraph necessarily referred to the fifteen coupon bonds of the United States. It is conceded that the testator had no coupon bonds of said numbers, but he did have fifteen bonds of Brooklyn permanent water loan which bore these numbers.

It will be conceded at once that had there been thirty numbers instead of fifteen in this paragraph, and the fifteen now mentioned had occupied diverse and different positions in respect to the other numbers, that these numbers applied to the Brooklyn permanent water-loan bonds which were found in the testator's possession, and the numbers which were not identified with those bonds must necessarily have referred to the coupon bonds, none of which were found in the possession of the testator at the time of his death. This being the necessary inference, had thirty numbers of bonds been given, how is that inference to be changed simply because only fifteen numbers have been given? Is it not rather strengthened when it appears that of a single class of bonds all the numbers mentioned are found in the possession of the testator? Under these circumstances, these numbers applying to the bonds of the Brooklyn permanent water loan, and being descriptive of those bonds, it was evidently the intention of the testator to give the number of those bonds and to apply these numbers to none other. In this condition of affairs we have a legacy giving specific bonds of the Brooklyn permanent water loan and a general legacy of fifteen coupon bonds of the United States, and under the rules determining the question as to whether the legacy is specific or general, no particular bonds being designated, the legacy is not to be deemed specific but general.

The case of *Brundage* v. *Brundage* (60 N. Y., 544) fully sustains this position.

But it is urged upon the part of the respondents that this must be construed as a specific legacy because this gift of fifteen coupon bonds of the United States was surrounded by gifts of specific pieces of property, and if the testator had intended to make a general legacy to his wife we should not expect to find it in this particular clause of the will. But it seems to be a sufficient answer to this suggestion that it is in this clause of the will that the testator makes provision for his wife, and in no other portion of the will is any bequest or devise made to her except such provision as is made in some prior sections of the will jointly to his wife and daughter. It is also urged that no portion of the language used by the testator can be disregarded for the purpose of changing a specific into a general legacy. In the application of this rule it seems to us that the learned counsel has not given due force to the rule which prevails in the interpretation of wills that the intention of the testator is to govern, and that, where we are sure that we know what the testator meant, we have a right to subordinate the language to the intention, and in such a case may reject words and limitations, supply them or transpose them to get at the meaning. (*Phillips* v. *Davies*, 92 N. Y., 199.) Therefore, even if it were necessary in the case at bar to disregard some portion of the language used by the testator, if his plain intention required this to be done, the court might adopt this method of construction, yet, in the view which has been suggested in regard to the construction of the clause in question, it is not at all necssary so to do. But in order to give full effect to the language used by the testator, the construction is absolutely necessary, to be given to this clause, that those numbers referred to the Brooklyn permanent water-loan bonds and not to the coupon bonds of the United States. Instead of disregarding any of the language of the testator, we are, by this construction, giving effect to that language, whereas, if we did not put this construction upon it, we should be disregarding and striking out from the clause the language which he used. The numbers in question were put there for the purpose of identification. They did identify the Brooklyn permanent water-loan bonds and no others.

If the evidence had shown that, at the time of the making of the will, the testator had had these Brooklyn water-loan bonds and had parted with them, then the claim would have been made by the respondents, beyond doubt, that the legacy had adeemed because the testator had parted with the specific property which he bequeathed, and such a contention would undoubtedly have been sustained, because it would have been held that the testator meant by the numbers inserted in that clause to identify the Brooklyn water-loan bonds which he then owned and had since parted with.

Upon a full consideration of the whole case, there seems to be no doubt but that by the numbers used the testator intended to identify the Brooklyn water-loan bonds, and did not intend that they should have any application to something which he never had owned nor ever expected to own. Under this construction the legacy in question was a general one, and, under the principles laid down in the cases cited, the executors were bound to comply with the directions of the will.

The judgment of the Special Term must, therefore, be reversed and judgment entered in accordance with the conclusion herein reached.

Brady and Bartlett, JJ., concurred.

Judgment reversed; judgment entered as directed in opinion.