1. WILLS—BEQUEST—OMISSION OF LEGATEE'S NAME—PAROL TESTIMONY.
    Where a bequest in a will contains the name of no legatee, and the intention of testator is not apparent from the terms of the will as a whole, parol testimony will not be received to supply such omission.

2. SAME—CLAUSES SEPARATED BY DASH—CONSTRUCTION.
    The last paragraph in a will was in the following language: "Give and bequeath all my personal property such as bed and bedding, &c., to the St. Joseph Hospital for the use of the poor in said institution—and I further give and bequeath all such moneys that may be left after the other bequittals are paid off and discharged." *Held* that, independent of extrinsic evidence, the portion of the clause below the dash must be construed as an additional bequest of the residuary estate to the St. Joseph Hospital, though similar dashes were used to divide sentences in other parts of the will.

Probate of the will of Marie Ann Knoblauch, deceased.   On a contest by Arthur Jensen, legatee and heir.

John F. Frees, for proponents.

Arthur Jensen, for contestants.

Henry Schmitt, for residuary legatees.

THOMAS, S.   The formal execution as a will of the paper offered for probate was duly proved, and no evidence was given which even suggests that the testimony of the subscribing witnesses, to the effect that the decedent was of sound mind and not under any restraint, was false or inaccurate.   Probate must therefore be decreed.   The only real question presented arises upon the portion of the objections interposed by the contestants, who are next of kin of the decedent, in which they ask for a construction of a portion of the will, and challenge it as inoperative.   If their contention is correct, the will disposes of only a portion of the personal estate of the testatrix, and they will be entitled to share in what may remain after the payment of the confessedly valid legacies.   The decedent was a resident of this state, and the will was executed within the state, and under section 2624, Code Civ. Proc., as construed in Jones v. Hamersley, 4 Dem. Sur. 427, by Rollins, S., and in Re Fuller (Sur.) 5 N. Y. Supp. 46, by Abbott, S., the surrogate must determine the question of construction expressly put in issue by the contestants, upon rendering a decree.   In re Vowers' Will, 113 N. Y. 569, 21 N. E. 690.

The last paragraph in the will which contains any dispositive provision is in the following language: "Give and bequeath all my personal property such as bed and bedding, &c., to the St. Joseph Hospital for the use of the poor in said institution—and I further give and bequeath all such moneys that may be left after the other bequittals are paid off and discharged."   The last portion of this paragraph is the part of the will as to which construction is required, it being contended by the contestants that it was intended by the testatrix as an independent residuary bequest, and is fatally defective and inoperative as such for lack of the designation of a legatee;

while the St. Joseph's Hospital and the proponent, who is the executor named in the paper, insist that it is a part of the bequest to that charitable institution. The court cannot be aided in this construction by parol evidence of any kind that is suggested in the brief of counsel, and no evidence was offered at the trial that would aid in determining the wishes of the testatrix. If it be conceded that the testatrix intended a residuary bequest to the hospital, and supposed that she had made one, it must still fail if the writing does not, when fairly construed, express her wishes. The cases which permit parol evidence to fix and determine the person or corporation intended by the use of an inaccurate or incomplete description (In re Wheeler's Will, 32 App. Div. 183, 52 N. Y. Supp. 943; Lefevre v. Lefevre, 59 N. Y. 434) do not go so far as to permit the supplying of a name for a legatee wholly omitted from the will (In re Keleman, 126 N. Y. 73, 26 N. E. 968). The will was drawn by an illiterate draftsman, and executed by an illiterate testatrix. We can gain little assistance by an examination of the other parts of the document. The line or dash which seems to separate the two parts of the paragraph is at the end of a line, and may have been placed there to fill a blank space, and a similar use of dash to divide a sentence into two parts, in lieu of a comma or a semicolon, is found in another part of the will. The word "and" which follows the dash is commenced with a small letter. The whole paragraph is, indeed, a single sentence. The primary rule that must be borne in mind is that the intention of the testatrix is to be carried out, and this must be done, if necessary, even at the expense of rules of grammar, and in disregard of niceties of expression. Du Bois v. Ray, 35 N. Y. 162. It is quite apparent that she did not intend to leave any part of her estate undisposed of, and the strong inference is that St. Joseph's Hospital was desired by her to be the beneficiary of her residuary personalty, and that the word "further" was used as indicating an addition to the gift to it. The insertion of the words "to it" after the word "bequeath," or the omission of the words, "I further give and bequeath," would make the meaning clearer, but to determine the last part of the paragraph meaningless, when a meaning was plainly intended, would be to violate a rule of construction which is fundamental. The search for precedents made by counsel and by myself has not resulted in discovering any case precisely analogous to this. Indeed, when the inquiry is as to the meaning of an obscure sentence, little aid can be gained from adjudged cases, since it is difficult to classify errors. A somewhat similar case was Wickham v. Turner, 2 Dowl. & R. 398, decided in the court of king's bench in 1823. In that case the disputed devise was in the following words: "I give unto Henry Wickham a messuage or tenement, now in the possession of Wakeling. Item: I further give unto my nephew Henry Wickham half part of my garden, and 100L stock in the 4 per cent. bank annuities; I give further my yard, stables, cow-house, and all other out-houses in the said yard, my sister Martha Wickham to have the interest and profits during her natural life." It was held that the remainder in fee of the property devised to his sister Martha for life was well devised to his nephew

Henry. The decree admitting the will to probate will also determine and adjudge that the disputed clause is to be construed and read as if the words, "to said St. Joseph's Hospital," had been written in by the testatrix after the word "bequeath." Settle decision and decree on notice.

Decreed accordingly.