In re KING et al.

FOULDS et al. v. KING et al.

(Supreme Court, Appellate Division, Third Department.   November 27, 1907.)

1. ADMINISTRATORS—ACCOUNTING—TEMPORARY ADMINISTRATOR—COMMISSIONS.

The commissions of a temporary administrator are not based simply up-
on the money actually collected and disbursed, but upon the value of the
whole estate received and passed over by him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Ad-
ministrators, §§ 2088–2097.]

2. SAME.'

The fact that a certificate of stock or a book account has not been re-
ceived by a temporary administrator does not affect his right to commis-
sions upon the value of the property represented thereby, as it is the prop-
erty and not the evidence of title, which controls.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Ad-
ministrators, §§ 2088–2097.]

3. WILLS—RIGHTS OF LEGATEES—GENERAL BEQUESTS—STOCKS.

A legacy is general when it does not amount to a bequest of a particular
thing distinguished from others of the same kind, and the mere posses-
sion by the testator at the date of his will of stock of an equal or larger
amount than stock bequeathed does not make the bequest specific where
no intention appears to make it out of those particular shares.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1945,
1954.]

4. ADMINISTRATORS—COLLECTION OF PROPERTY—ATTORNEY'S FEES.

A temporary administrator may employ an attorney for advice as to the
management of the estate under Laws 1837, p. 529, c. 460, § 24, and Code
Civ. Proc. § 2672, allowing those appointed to collect a decedent's estate
to incur such reasonable expense as the surrogate may allow, and the
further provision of Code Civ. Proc. § 2672, empowering the surrogate
to authorize an administrator to pay the expenses of the administration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Ad-
ministrators, §§ 448–462.]

Appeal from Surrogate's Court, Warren County.

In the matter of the final settlement of the accounts of H. Prior
King and another, temporary administrators of George R. Finch.
From a decree of settlement, Helen E. Foulds and others, executors
of George R. Finch, appeal.   Affirmed.

See 101 N. Y. Supp. 135.

Argued before SMITH, P. J., and CHESTER, KELLOGG,
COCHRANE, and SEWELL, JJ.

T. Almern Griffin, for appellants.

Lyman Jenkins, for respondents.

SEWELL, J.   The appeal is from that part of the decree deter-
mining the amount of commissions and the allowance to the counsel
for the temporary administrators.   It is urged that the temporary
administrators were not entitled to the commissions allowed:   First,
upon the value of certain shares of stock which were not taken into
their possession;   second, upon a book account due to the decedent;
third, upon the value of 100 shares of stock bequeathed to John An-
derson, Jr., and Albert Newcombe, which were claimed to be specific
legacies.

The appellants contend that commissions should have been allowed at the rate fixed by section 2730 of the Code for executors and administrators, and upon the amount of money received and paid out by them. It is clear from the authorities that the commissions of a temporary administrator are not based simply upon the money actually collected and disbursed, but upon the value of the whole estate received and passed over by him. The fact that a certificate of stock or a book account has not been received by a temporary administrator does not control or affect his right to commissions upon the value thereof. Certificates of stock are not securities for money. They are simply muniments and evidence of the holder's title to a given share in the property and franchise of the corporation of which he is a member, and a delivery of the certificate is not necessary to perfect title. Mechanics' Bank v. N. Y. & N. H. R. R. Co., 13 N. Y. 599.

I am also of the opinion that there is no force in the contention that Anderson and Newcombe are specific legatees. A legacy is general when it is so given as not to amount to a bequest of a particular thing, distinguished from all others of the same kind. In those cases in which legacies of stocks or shares in public funds have been held to be specific, some expression has been found from which an intention to make the bequest of the particular shares of stock could be inferred. The mere possession by the testator at the date of his will of stock of an equal or larger amount than the legacy will not of itself make the bequest specific. Tifft v. Porter, 8 N. Y. 516; Holt v. Jex, 48 Hun, 528, 1 N. Y. Supp. 195; Matter of Hadden, 1 Con. Sur. 306, 9 N. Y. Supp. 453, and cases cited.

The next point relied upon by the appellants is that the surrogate had no right to direct the payment by the temporary administrators to each of the counsel employed by them in the course of the administration of their trust the sum of $4,500. The record shows that it was stipulated upon the hearing before the surrogate "that the question of allowance and counsel fees shall be left to the discretion of the surrogate," and it was conceded in the appellants' brief that "the amount of the claims of Edward M. Angell and Joseph A. Kellogg, for the purposes of this appeal only, was not in question; in other words, the objection being to the power, jurisdiction, and authority of the acting surrogate to audit these claims in any amount whatever, as presented and filed, it did not raise here the question of either the sufficiency or value of the services rendered." These stipulations, and the fact that no witness was examined in behalf of the contestants touching the value of the services, have rendered it unnecessary to determine whether the amounts allowed were excessive; and the only question requiring consideration is whether a surrogate has authority to award any sum whatever to counsel employed by a temporary administrator, except the sum which can be allowed under sections 2561 and 2562 of the Code of Civil Procedure.

The rule is well settled that, subject to the requirement of good faith and reasonable prudence, an executor or administrator is entitled to employ an attorney for advice in reference to the management of the estate, and there can be no doubt that the power and duty of a temporary administrator in regard to the employment of counsel are anal-

ogous to those of a permanent administrator. Section 24 of chapter 460, p. 529 of the Laws of 1837 provides that:

"Every collector so appointed shall have authority to collect the goods, chattels, personal estate and debts of the deceased, and to secure the same at such reasonable expense as the surrogate shall allow."

And section 2672 of the Code is to the same effect. It provides that:

"The surrogate may also, by order, authorize him to pay personal expenses, or any other expenses of the administration of his trust."

The respondents insist that none of these questions are before this court, as the surrogate did not make any findings of fact or law, and no exceptions were taken to his decision or decree in any form.

Without considering this question, we are of the opinion that the decree of the surrogate should be affirmed, without costs. All concur.