WILLIAMS et al. v. PETIT et al.

(Supreme Court, Appellate Division, Fourth Department.   May 4, 1910.)

1. WILLS (§ 449*)—CONSTRUCTION—CONSTRUCTION AGAINST INTESTACY.
   A construction of a will which leaves a partial intestacy is not favored; it being presumed that testator intends to dispose of all of his property.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 965; Dec. Dig. § 449.*]

2. WILLS (§ 449*)—CONSTRUCTION—ESTATE CONVEYED.
   A devise to certain of testator's next of kin gave "to each, the undivided one-eighth of all my real estate and personal property wherever the same may be, except as hereafter mentioned; to W. * * * and B. * * * the undivided two-eighths of all my real estate and personalty wherever the same may be except as hereinafter mentioned." The will provided for all of the next of kin and heirs. If only an undivided two-eighths was given to W. and B. jointly, two-eighths of the residuum would be undisposed of. *Held*, adopting a construction against intestacy, that testator intended to dispose of all his property and to give W. and B. each an undivided two-eighths of the residue of his property not otherwise disposed of.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 965; Dec. Dig. § 449.*]

3. WILLS (§ 587*)—CONSTRUCTION—CONSTRUCTION OF RESIDUARY CLAUSE.
   Unless a residuary clause clearly limits its operation to the contrary, it will be construed to dispose of all of testator's estate remaining undisposed of or which may be added by lapses, or otherwise; an ambiguous residuary clause being construed broadly rather than narrowly.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1281; Dec. Dig. § 587.*]

4. WILLS (§§ 460, 462, 463*)—CONSTRUCTION—INTENT OF TESTATOR.
   To prevent an apparent intent of testator from being defeated by inapt use of language, the court may reject or supply words and limitations, or transpose words.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 979, 981, 982; Dec. Dig. §§ 460, 462, 463.*]

Appeal from Supreme Court, Special Term, Erie County.

Action by Harry R. Williams and another against John A. Petit and another, as executors of Gayer Gardner, deceased, and others. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Adolph Rebadow, for appellants.
Thomas R. Stone, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KRUSE, J.  The action is for the construction of the second clause
of the last will and testament of Gayer Gardner, deceased, who lived
in the town of East Hamburg, Erie county, in this state.  The ques-
tion presented is whether he gave to his nephew Harry R. Williams and
his niece Lillie M. Beckwith each an undivided two-eighths of his
property not otherwise specifically disposed of, or only an undivided
two-eighths to them jointly.  The clause, so far as material to the ques-
tions under consideration, reads as follows:                        :

"Second. I give, devise and bequeath to Rebecca J. Gardner, my sister, Alice
M. Hopkins, niece, F. Gardner Behrends and George T. Jones, nephews, all
of the City of Buffalo, Erie County, New York, to each, the undivided one-
eighth of all my real estate and personal property wherever the same may
be except as hereinafter mentioned; to Harry R. Williams, of the City of
Buffalo, Erie County, New York, my nephew, and Lillie M. Beckwith, my
niece, of the City of Brooklyn, New York, the undivided two-eighths of all
my real estate and personal property wherever the same may be except as
hereinafter mentioned, to wit: * * *"

All of the next of kin and heirs at law of the testator are named and
provided for in the will.  ·

If only an undivided two-eighths is given to the nephew Harry R.
Williams and the niece Lillie M. Beckwith, there remains undisposed
of an undivided two-eighths of the residuum of the estate, which the
heirs and next of kin of the testator will take under the intestate laws,
in addition to what is willed to them.  While, of course, the testator
could dispose of only a part of his estate by will, leaving the remainder
to pass to the persons entitled thereto under the intestate laws of the
state, the rule is well settled that such a construction of a will is not
favored.  Generally, where a person makes a will, he intends to dis-
pose of his entire property, and the law so presumes.  Vernon v. Ver-
non et al., 53 N. Y. 351; Schult v. Moll, 132 N. Y. 122, 127, 30 N.
E. 377; Meeks v. Meeks, 161 N. Y. 66, 55 N. E. 278.    ·

I think the testator intended to dispose of all his property by his will;
that he intended to give to his sister and to his niece and two nephews
first therein named each an undivided one-eighth, and to his nephew
Harry R. Williams and his niece Lillie M. Beckwith, lastly therein
named, each an undivided two-eighths of the residue of his entire prop-
erty, not otherwise disposed of by his will.  While the words "to each"
immediately following the names of the persons to whom an undivided
one-eighth is given are not actually repeated after the names of the
nephew and niece last named, I think that is a fair interpretation of the
provision.  Such a construction is not ungrammatical, and does no
violence to legal rules for construing wills, but is quite in harmony
therewith.  As is said in Matter of Miner, 146 N. Y. 121, 131, 40 N.
E. 788, 790:

"Unless a residuary bequest is circumscribed by clear expressions and the
title of a residuary legatee is narrowed by words of unmistakable import,
it will be construed to perform the office that it was intended for, viz., the
disposition of all of the testator's estate, which remains after effectuating
the previous provisions in the will, or which may be added to by lapses, in-
valid dispositions, or other accident.  Riker v. Cornwell, 113 N. Y. 115 [20
N. E. 602].  The rule of construction requires of the court in dealing with
the language of a residuary gift which is ambiguous that it should lean in
favor of a broad rather than of a restricted construction; for thereby 'in-

testacy is prevented, which, it is reasonable to suppose, testators do not contemplate.' Lamb v. Lamb, 131 N. Y. 227 [30 N. E. 133]. In performing the office of construction, and in order that an apparent intention of the testator shall not be rendered abortive by his inapt use of language, the court may reject words and limitations, supply them, or transpose them, to get at the correct meaning. Phillips v. Davies, 92 N. Y. 199."

Applying this rule, it seems reasonably clear that the testator disposed of all of his property, and that he gave to the nephew and niece last named in the second provision an undivided two-eighths each of the residue of his property, not otherwise disposed of by said will.

The judgment dismissing the complaint should, therefore, be reversed, and, as it seems to me, judgment directed construing the will as above stated. A majority of the court, however, are of the opinion that a new trial should be granted.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event, payable out of the estate. All concur.