WILLS (§ 587*)—CONSTRUCTION—RESIDUARY BEQUEST—PROPERTY COVERED.
    Testatrix bequeathed to her sister all the remainder of the personal property of which she might be possessed, consisting of clothing, jewelry, and also 10 shares of stock standing in her name on the books of the company. *Held* a general residuary bequest, under which the legatee takes money on deposit in a savings bank to the credit of testatrix.
    [Ed. Note.—For other cases, see Wills, Dec. Dig. § 587.*]

In the matter of the last will of Rose Morrisey, deceased. Probate of will granted.

Wallace, Butler & Brown, for proponent.

George G. Reynolds, 2d, special guardian for Ann Morrisey and Helen Morrison.

Arthur T. O'Leary, special guardian for Mary and Katherine Kerlin.

J. J. Karbry O'Kennedy, for contestant.

FOWLER, S. The testimony taken upon the hearing clearly establishes the factum of the will, and probate of the paper propounded must be decreed.

The special guardian of an incompetent sister and of an infant heir at law and next of kin presents for construction the fourth clause of the will, claiming in substance that it is not a true residuary clause, and in consequence that there is a resulting intestacy as to a sum on deposit in the Emigrant Savings Bank. The clause submitted for construction reads as follows:

    "Fourth. I give and bequeath to my sister Mary J. Kerlin all of the remainder and residue of my personal property, of which I may die possessed, consisting of clothing, jewelry and bric-a-brac; and in addition thereto the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ten shares of the corporate stock of the Pennsylvania Railroad Company, which now stand in my name on the books of the company."

The property affected by the fourth clause is wholly personal property. Unless the sum in bank passes under this clause, it is not disposed of by the will.

The draftsman of the will was not a lawyer, but by occupation a stenographer, and imperfectly familiar with legal forms. The testatrix was, therefore, practically inops consilii. An intention not to die intestate may generally, under such circumstances, be presumed. Matter of Knoblauch, 31 Misc. Rep. 418, 65 N. Y. Supp. 658. The question here is: Does the language of this will forbid the surrogate to presume for such a general intention?

There is, doubtless, a recognized distinction in law between a general residuary bequest and a limited residuary bequest, or one which the testatrix intends to have a limited effect only. If the fourth clause is not a general residuary bequest, under the circumstances narrated, partial intestacy ensues, and the sum in bank does not pass to the sister mentioned therein.

It seems to the surrogate that, under the circumstances of this particular will, the general intention not to die intestate should be presumed (Lamb v. Lamb, 131 N. Y. 227, 234, 30 N. E. 133; Williams v. Petit, 138 App. Div. 394, 122 N. Y. Supp. 746), and the fourth clause construed to be a general residuary bequest, unless the language of the will forbids such a construction. In ascertaining the intention of the testatrix, it must be conceded that the court cannot infer an intention which is opposed to the expressed intention of the testatrix. The expressed intention always governs a mere inference. Inference and conjecture are very dangerous elements of construction, and the legal meaning of the words actually employed by the testatrix is the real boundary of judicial construction. See Coleridge, J., in Shore v. Wilson, 9 Cl. & F. 525.

The fundamental question for determination here is whether the testatrix, by reason of her enumeration of particular items after a general gift to her sister "of the remainder and residue of my [her] personal property," discloses an intention to limit such general bequest to the items immediately afterward enumerated in the fourth or residuary clause of her will. In the solution of such question the court is bound by precedent, and it cannot proceed according to some arbitrary standard of its own.

The words "consisting of," in the fourth clause, are, I think, intended to denote "including," or "as follows," or some like words, and not to be restrictive. But the case is not free from difficulties. The adjudications disclose that the operation of general gifts of the residuary is at times defeated by the enumeration of particular items. But this is not invariably the rule. See Matter of Miner, 146 N. Y. 121, and cases there cited at page 134, 40 N. E. 788. In Matter of Miner the rule was recognized, in the instance of an inartificial holograph, that the enumeration of particular items after a gift of all the rest and residue of testator's estate was not intended to be restrictive of the general gift. The exception thus recognized is not peculiar to our

own jurisdiction. It is one, I think, generally applied, under peculiar circumstances, by the testamentary law of all ages and places.

While the law of other jurisdictions can never be controlling in our own, it is sometimes cogent by way of illustration of a principle founded on good sense and just reason. It was a rule of the Roman law that when a testator, from awkwardness, adds to a general bequest of a class, subclasses or individuals belonging to it, the addition is treated as superfluous and, therefore, not restrictive. D. 33, 10, 9.

The same principle is recognized in the French law of wills, as may be seen in the celebrated "Traité des Donations Testamentaires" by Pothier, Regle XI (Paris Ed. of 1778) p. 417. No doubt other like examples of the application of the same principle recognized in Matter of Miner could be readily found in the jurisprudence of other states. But the easily accessible illustrations just cited will suffice to show the principles applied by the courts of our own and other states in such instances as this now before me.

It is, indeed, the modern tendency, especially in the case of holographs, to hold that words of comprehensive import are to be given their general effect, unless some very distinct ground can be collected from the context of the will for considering them used in a special and restricted sense. 2 Jarman, Wills (6th Am. Ed.) 735; Matter of Miner, 146 N. Y. 121, 40 N. E. 788; Riker v. Cornwell, 113 N. Y. 115, 20 N. E. 602; Williams v. Petit, 138 App. Div. 394, 122 N. Y. Supp. 746.

In the will before me I am not satisfied that very distinct grounds exist for restricting the words of general gift in the fourth clause of the will. The testatrix was, as stated, practically destitute of legal advice when she made this will, and there is a strong presumption in her case that she intended to die testate and not intestate. Her property was not so considerable as to make it possible that she intentionally overlooked the relatively large sum on deposit to her credit in the savings bank. The great care that the testatrix herself took about the execution of her will affords some circumstantial evidence of an intention to die wholly testate. At the time the will was executed the testatrix had long been most respectably employed as a domestic, and her will was executed in the pantry of the house where she found employment. It was witnessed by several of her friends in like situation, yet the presence of a lawyer could have added nothing to the accuracy of the formalities attending the making of this particular will. The testatrix initialed each bequest, and the proofs offered on the probate were exceptionally precise and conclusive, indicating a somewhat unusual order of intelligence. It would seem, under the circumstances, that this is a very proper instance for the application of a general presumption that the testatrix intended to die testate. It would be somewhat unjust to the testatrix, under the circumstances, I think, to hold otherwise, for she was at great pains evidently to be precise in her dispositions; yet, in logical strictness, the circumstances attending the execution of the will can be evidential only of an intention to make the will as written, for proximate inferences alone are permissible.

But, as in the instance of holographic wills of lay persons, some liberality may be well accorded in the judicial construction of the clauses of a will made by a person situated as this testator was, at least, if the liberality is consistent with established rules of law. In this matter such liberality is consistent. I accordingly hold that the presumption that the testatrix intended to die testate is apparent in this cause. But, aside from any benign construction and for the reasons already stated, I hold also that the fourth clause of the will of Rose Morrisey is operative as a general residuary bequest, and that it carries the money in the Emigrant Savings Bank to the legatee named in such clause.

Let the decree be in conformity with this opinion.

Decreed accordingly.