tion, not named in the schedule, should be pledged under the trust indenture other forms of expression, far more appropriate, might well have been used.

This construction gains some support from a provision contained in the third paragraph of the trust indenture. to the following effect:

"All stock dividends, if any there be payable upon said shares, shall be transferred and delivered to the trustee, and be by it held for the benefit of the bonds secured hereby, with the same effect and subject to all the conditions and provisions hereof, as if originally pledged hereunder, so that during the entire period of this trust the trustee shall hold, as provided in this indenture, the entire amount of the capital stock of said companies owned by the company, whether the same be increased or not."

If the plaintiff's construction were to be adopted, the clause last quoted would be evident surplusage. The same remark applies to the following provisions as to the disposition of the proceeds of any part of the pledged stock which may be sold as authorized by the terms of the trust indenture:

"All proceeds of the sale or disposition of the shares of stock, trade-marks, or trade-names, sold or disposed of, pursuant to this article, shall be applied by the company to the purchase of the entire capital stock of any other corporation engaged in a business similar to that of the company, or of a majority of such stock, provided the shares of stock so purchased shall be pledged or hypothecated hereunder."

Upon a consideration of the indenture itself, as well as of the surrounding circumstances as set forth in the agreed statement of facts, we are of opinion that the claim of the defendants is the better founded, and judgment is ordered accordingly, without costs. All concur.

---

### In re SOLOMON.

### In re SIMON'S WILL.

(No. 6605.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. WILLS (§ 754*)—INTEREST DEVISED—SPECIFIC LEGACIES.

In case of a specific legacy of a mortgage, the legatee cannot require payment of the amount thereof out of the general estate, where the testatrix did not own the mortgage at her death or at the time of the execution of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1945, 1946; Dec. Dig. § 754.*]

2. WILLS (§ 754*)—CONSTRUCTION—SPECIFIC LEGACY.

Where by the first clause of her will the testatrix bequeathed to appellant a bond and mortgage for $10,000 on specified property, and subsequent clauses contained bequests of sums of money and of the residue, the bequest of the mortgage was a specific legacy, particularly as the will in question revoked an earlier one by which the testatrix had bequeathed appellant the sum of $10,000 as a general legacy.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1945, 1946; Dec. Dig. § 754.*]

---

'For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. WILLS (§ 754*)—CONSTRUCTION—INTERPRETATION.**

That testator never owned the bond and mortgage specifically devised does not show an intent of testator that the amount of such mortgage should be paid out of the general estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1945, 1946; Dec. Dig. § 754.*]

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the account of Caroline Solomon, as administratrix with the will annexed of Klara Simon, deceased, to which the Congregation Talmud Thora Beth Avrohom objected. From a decree overruling objections to the account, the objector appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Louis Susman, of New York City, for appellant.
Frank H. Gerrodette, of Brooklyn, for respondent.

McLAUGHLIN, J. In January, 1909, Klara Simon died, leaving a last will and testament, which bore date January 3d of the same year. So much of the will which bears upon the question to be considered is as follows:

"First.—After my lawful debts are paid, I give and bequeath to the Talmud Thora, of the Bronx, on 146th street, in the borough of the Bronx, city of New York, the mortgage and bond for $10,000 now held by me against premises on 176th street upon condition that the prayers for the dead be recited therein on all Jewish holidays, and that the said synagogue maintain the perpetual light customary therein.

"Second.—I give and bequeath to Mr. Ike * * * the sum of ten thousand ($10,000) dollars.

"Third.—I give and bequeath to Mrs. Epstein * * * the sum of five thousand ($5,000) dollars.

"Fourth.—All the rest, residue and remainder of my estate, both real and personal, and wheresoever situate, I give, devise and bequeath to my sister, Caroline Solomon, including certain bonds and mortgages aggregating sixty thousand five hundred ($60,500) dollars. * * *"

The will was probated, and, as no provision was made in it for an executor, Caroline Solomon, the residuary legatee, was appointed administratrix with the will annexed. She administered the estate and filed her accounts for judicial settlement. Objections were made thereto by the appellant—it being clearly identified as the legatee mentioned in the first clause of the will. One of the objections was that the appellant was entitled to $10,000, payable out of the estate of the testatrix. The objection was referred to a referee, who made a report overruling it. He also made certain other rulings as to a jury trial, which are unnecessary here to consider. An order was subsequently made in the Surrogate's Court, which modified the report as to a jury trial and confirmed the balance of it, and a decree was entered accordingly. The appeal from the decree brings up for consideration so much of it as holds, in effect, that nothing passed to the appellant under the testatrix's will.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] I am of the opinion the decree should be affirmed. The bequest to the appellant was not money or the proceeds of property, but a certain, definite, specified thing, viz., "the mortgage and bond for $10,-000 now held by me against premises on 176th street." It was a specific legacy. Crawford v. McCarthy, 159 N. Y. 514, 54 N. E. 277; Matter of Hendrickson, 140 App. Div. 388, 125 N. Y. Supp. 309; Matter of King, 122 App. Div. 354, 106 N. Y. Supp. 1073. The thing given could be distinguished from all other property belonging to the testatrix at the time of her death—could be readily identified if it existed, and delivered to the legatee as the particular thing given. This made it, within all the authorities to which my attention has been called, a specific legacy.

It is conceded by the appellant—at least it does not dispute the fact —that the testatrix did not own, at the time the will was executed or at any other time, the bond and mortgage specified in the first clause of the will. Nor did she own a $10,000 mortgage upon any other property. The subject of the bequest never having been in existence, so far as appears, there was a complete failure of the legacy. Beck v. McGillis, 9 Barb. 35; McNaughton v. McNaughton, 34 N. Y. 201; Burnham v. Comfort, 37 Hun, 216; Tomlinson v. Bury, 145 Mass. 346, 14 N. E. 137, 1 Am. St. Rep. 464. Such a legacy could only be satisfied by delivering to the legatee the identical thing given. Beck v. McGillis, supra; Matter of Matthews, 122 App. Div. 605, 107 N. Y. Supp. 301; Humphrey v. Robinson, 52 Hun, 200, 5 N. Y. Supp. 164.

That the testatrix intended it as a specific legacy is apparent, not only from the language used in the first clause of the will, but also when such clause is read in connection with the second, third, and fourth clauses, which are general legacies, payable out of the estate. That she intended to limit the gift to the appellant to the bond and mortgage mentioned is, I think, also evidenced by the fact that in a will made by her on the 3d of November preceding, which was revoked by the one here under consideration, she gave to the appellant the sum of $10,000, a general legacy.

[3] It is undoubtedly true, as contended by the appellant, that in the interpretation of wills the intention of a testator is to govern, and where that can be ascertained from the will then the court can subordinate the language used to the intention, and in such case may reject words and limitations, and supply or transpose them, to get at the meaning. Starr v. Starr, 132 N. Y. 154, 30 N. E. 384; Williams v. Petit, 138 App. Div. 394, 122 N. Y. Supp. 746; Holt v. Jex, 48 Hun, 528, 1 N. Y. Supp. 195. But that rule has no application here, because, as already indicated, what the testatrix intended to do was to give, not $10,000 to the appellant, but the bond and mortgage specified. To hold, because the testatrix never owned such bond and mortgage, that the bequest is therefore payable out of her estate, would not only be doing violence to her intention, but making a new will for her.

I am of the opinion the decree is right, and should be affirmed, with costs. All concur.