## In the Matter of the Estate of GRACE DEWINT, Deceased.

Surrogate's Court, Kings County, December 18, 1936.

*Charles Coleman Miller,* for the executor-accountant, Charles Coleman Miller.

*Redding, Greeley & O'Shea* [*John R. Brook* of counsel], for the residuary legatee, Arthur D. Baker.

*Kuzmier, Milan, Cotter & O'Rourke* [*Richard C. Cotter* of counsel], for Ina Clare Van Size, legatee under the third item of the will.

*Ernest M. Morrison,* for Sagamore Apartments, Inc., a judgment creditor of residuary legatee.

WINGATE, S. Two main questions are involved in this proceeding for testamentary construction. The first concerns the nature of the bequest made by the third item of testatrix's will, whether specific, demonstrative or general, and the second, as to whether an intention can be gleaned from the script to charge the gifts contained in the first five numbered items upon the real estate which passes pursuant to the residuary gift. Involved in the determination of the latter is the further question as to whether the inferred testamentary intent in respect to charge is to be judged by the circumstances of the testatrix as existing at the time of the execution of the will or as of that of the publication of a codicil which in nowise altered the terms of the will except to eliminate the residuary legatee as one of the executors.

The direction about which the main controversy revolves reads as follows:

" *Third.* I give and bequeath to my cousin Ina Clare Van Size of 77 Woolsey Avenue, Huntington, Long Island, New York, one One thousand dollar ($1000) 5% bond, the same to be chosen by my executors; and my mother's diamond ring."

Previous to the time of the execution of the will, the decedent had been the owner of three $1,000 five per cent bonds, two of which she had turned over to the residuary legatee to serve as collateral for certain of his obligations and which at the time of the execution of the will were so pledged. The third was then serving as collateral for an obligation of her own. All three were sold by the respective pledgees in realization upon their security between the date of the will and the date of the execution of the codicil. It is this residuary legatee who presently contends that the legacy in question is to be construed as specific and adeemed by the sale which resulted from his failure to exonerate the security " delivered to " him " as a loan," with the result that by reason of his default in this obligation to the testatrix, he will receive the remainder of the estate exonerated from the obligation to extend any benefit to the legatee.

The preference of courts to construe gifts as general rather than specific where such a course is at all possible, is an attitude which has been made the subject of frequent judicial comment. Typical of this is the observation in the leading case of *Tifft* v. *Porter* (8 N. Y. 516), which was cited and followed by the Court of Appeals as recently as 1929 (*Matter of Lendle*, 250 N. Y. 502, 505), in which the court observes (at p. 521): " The inclination of the courts to hold legacies to be general, rather than specific, and on which the rule is based, that to make a legacy specific, its terms must clearly require such a construction, rests upon solid grounds. The presumption is stronger that a testator intends some benefit to a legatee, than that he intends a benefit only upon the collateral condition that he shall remain till death, owner of the property bequeathed. The motives which ordinarily determine men in selecting legatees, are their feelings of regard, and the presumption of course is that their feelings continue and they are looked upon as likely to continue. An intention of benefit being once expressed, to make its taking effect turn upon the contingency of the condition of the testator's property being unchanged, instead of upon the continuance of the same feelings which in the first instance prompted the selection of the legatee, requires, as it ought, clear language to convey that intention. The rule as settled, accords best with the dictates of experience as to the probable purposes which actuate men in disposing of their property by will."

Consonant with this expression, it has been the consistent and uniform determination of all the courts of this State that an essential condition precedent for a construction that a gift is specific is that it shall unmistakably point to a particularly described possession

of the decedent as the sole means of solution of the directed gift in a manner which unequivocally distinguishes the subject-matter from all other objects in the world, so that solution thereof is possible only by delivery or a payment over of a part or the whole of such clearly identified fund or thing. (*Davis* v. *Crandall*, 101 N. Y. 311, 319; *Crawford* v. *McCarthy*, 159 id. 514, 518; *Leonard* v. *Harney*, 173 id. 352, 355; *Matter of Tailer*, 147 App. Div. 741, 746; affd., 205 N. Y. 599; *Matter of Solomon*, 165 App. Div. 276, 278; *Matter of Brett*, 57 Hun, 400, 403; *Platt* v. *Moore*, 1 Dem. 191; *Matter of Smallman*, 138 Misc. 889, 897, 898, 903; *Matter of Freeman*, 139 id. 301, 302–304; *Matter of Anable*, Id. 914, 917; *Matter of Schrier*, 145 id. 593, 596; *Matter of Baker*, 146 id. 437, 439; *Matter of Armstrong*, 160 id. 806, 809.)

It follows, therefore, that if the gift fails to comply with this description, it is not specific, and the fact that the testator may, at the time of the execution of the will, have possessed property of a similar description to that given, is wholly ineffectual to alter the nature of the gift unless such property was particularly appropriated thereto by the language of the will. (*Tifft* v. *Porter*, 8 N. Y. 516, 518; *Brundage* v. *Brundage*, 60 id. 544, 548; *Matter of King*, 122 App. Div. 354, 355; *Holt* v. *Jex*, 48 Hun, 528, 530; *Matter of Hadden*, 1 Con. 306, 309; *Matter of Werle*, 91 Misc. 398, 402; *Matter of Freeman*, 139 id. 301, 306.)

In the case at bar the gift was merely of " one One thousand dollar ($1000) 5% bond, the same to be chosen by my executors." It did not refer to any particular bond either belonging to the testatrix or otherwise, wherefore any bond in the world which was of the denomination of $1,000 and paid an interest rate of five per centum would satisfy the gift. The bequest was accordingly general and not specific.

Approaching the solution of the question as to whether or not the general legacies are chargeable upon the real estate devolving pursuant to the residuary clause of the will, it is conceded that on June 17, 1931, the testatrix was possessed of sufficient personal property to satisfy the general legacies given by the will. Between that date and October 5, 1934, when the codicil was executed, she had, to her knowledge, lost substantially all of this personalty by reason of the foreclosure by the pledgees of their liens on the securities which she had, from time to time turned over to the residuary legatee, and on that date, were it to be determined that the residuary legatee is entitled to take the realty exonerated from the rights of the general legatees, she had substantially no assets with which to pay these benefits which included not only the gift

under present consideration, but a bequest for perpetual care of the family burial plot, one to " a beloved and trusted friend " and another to " a faithful helper." That her feelings toward the residuary legatee through whom she had suffered so greatly had undergone a change between the date of the will and the time of execution of the codicil may be surmised from her act of elimination of him as an executor in the codicil.

It is a familiar legal principle that if at the time of the execution of a testamentary document, there is a marked and known deficiency in the personal property of the testator for the solution of general legacies, an intention will be imputed to make their payment a charge on real estate passing under the residuary clause. (*Briggs* v. *Carroll*, 117 N. Y. 288, 292; *McGoldrick* v. *Bodkin*, 140 App. Div. 196, 199; *Matter of McGowan*, 134 Misc. 409, 411, 412; affd., 228 App. Div. 779; affd., 254 N. Y. 513; *Matter of Lilienthal*, 139 Misc. 225, 236; *Matter of Tuozzolo*, 145 id. 485, 487; *Matter of Hoffman*, 146 id. 535, 536; *Matter of Kennedy*, 158 id. 617, 618.)

In the present instance such marked and known deficiency existed at the time of the execution of the codicil and did not exist when the original will was signed. The question, therefore, arises as to which of these two dates is to be deemed the date of the testamentary act. On this subject there is scant basis for diversity of opinion. A recent pertinent statement by the Court of Appeals on the subject is contained in *Matter of Greenberg* (261 N. Y. 474), where (at p. 477) it is said: " It may be conceded that the will and the codicils are separate papers so that one may stand although the other fall, but when all are admitted to probate as the last will and testament of the testator the effect of the codicils is to republish the will and make it speak from the new date insofar as it is not altered or revoked by the codicil (*Matter of Campbell*, 170 N. Y. 84, 87; *Matter of Brann*, 219 N. Y. 263, 268). This principle is well established. * * * The will was, therefore, re-executed as to the date of the latest codicil."

In case any person should entertain doubts as to the long and consistent application of this principle, fifteen additional authorities to the same effect will be found on pages 878 and 879 of this court's opinion in the same case (*Matter of Greenberg*, 141 Misc. 874), which was thus affirmed by the Court of Appeals.

As a result, the effect of the execution of a codicil is the same for all purposes as if the testator executed a new will on the later date containing the directions of the codicil and the unaltered provisions of the will, and the composite instrument is subject to the same rules of interpretation as if this had been done.

It follows, in the case at bar, that since at the later date the testatrix was aware that she had inadequate personalty with which to satisfy the general gifts which she had made, an intention to make a mockery of, or play a trick upon (*McGoldrick* v. *Bodkin*, 140 App. Div. 196, 199), "a beloved and trusted friend" and "a faithful helper" will not be imputed to her, and it must be deemed that it was her intention and desire that the general gifts were to be chargeable upon and payable from the residuary realty.

The only litigated objection of the residuary legatee to the account is accordingly dismissed, with costs.

By reason of the determination hereinbefore made, the question respecting the preference in the gift to the Moravian Cemetery has become academic and will not be decided. (*Matter of Mount*, 185 N. Y. 162, 170; *Matter of Hearn*, 158 Misc. 370, 376.)

Sagamore Apartments, Inc., an alleged judgment creditor of the residuary legatee, has served upon the executor a third party order issued by a justice of the Supreme Court restraining the payment of any distributable sums to him. Obviously, the amounts, if any, ultimately payable to him will be held subject to the directions of the Supreme Court.

Submit decree on notice in conformity herewith.