John D. Bennett, S.
In this accounting proceeding instituted by the temporary administrator, objections have been filed in respect to commissions claimed by the temporary administrator on the ground that it is not entitled to full commissions on the entire estate and on the further ground that the said commissions have not been properly computed. In addition, the attorneys for the administratrix c. t. a. have submitted an affidavit in opposition to the affidavit of services submitted by the attorneys for the temporary administrator, in which they set forth on behalf of the administratrix c. t. a. arguments for consideration by the court in the exercise of its discretion in fixing the said attorneys’ fees.
In respect to the filed objections, at the outset it appears that the provisions of section 285 of the Surrogate’s Court Act set forth the amounts and percentages upon which commissions payable to a temporary administrator are computed although such fiduciary is not specifically enumerated therein. As stated in Warren’s Heaton on Surrogates’ Courts (6th ed., vol. 4, § 418-C, par. 3, pp. 832-833): “ There is no special statute providing for commissions to temporary administrators. Undoubtedly, however, they come in the same category as administrators in general.”
Generally in computing executors’ or administrators’ commissions pursuant to section 285 of the Surrogate’s Court Act, the percentages set forth are applied on the basis of one half on all sums received and one half on those paid out. This is a salutary rule based on the concept of payment for services rendered by a fiduciary in the administration of an estate (Matter of Garmes, 159 Misc. 470).
In the case of a temporary administrator the concept of payment of commissions is on an entirely different basis. It is not for services rendered in administering but rather for acting as a conservator in receiving, caring for and turning over property, and without regard to whether it has been turned into money or not, or even actually received by him (Matter of Egan, 7 Misc. 262; Matter of King, 122 App. Div. 354; Matter of Hanson, 142 N. Y. S. 2d 385).
The objectant in her arguments contends that since the temporary administrator’s duties were to marshall, preserve and turn over assets only, its commissions should not be based on property not turned over; that if during its tenure, distributions were made, it is not entitled to commissions on the amounts *58 distributed because such act was not within its duties, and further that commissions of a temporary administrator are not based on the performance of such acts, but on the total value of the estate.
Applying her arguments to the facts, however, she asks the court to revert to the concept of compensation for services rendered and to direct a computation of commissions on the basis of one half for receiving the full estate of $360,158.58 but to restrict paying out commissions to one half of this amount less $120,000 paid to two persons in settlement of a probate contest in this estate, albeit the payment of this amount was made by the temporary administrator pursuant to an agreement of all persons interested in the estate (including the objectant) and at their behest.
The court does not agree with the objectant’s arguments, although it does agree with her statement that there appears to be no case law on point. The objectant’s view of “ assets turned over ” if carried to its extreme, could result in a temporary administrator’s receiving property, doing nothing during its term of office, and turning over the .same amount received to the ultimate fiduciary and be entitled to higher commissions than one who, because of necessity, had to apply to the court at various times for authority to pay claims, make distributions and then carry out such duties prior to turning over the balance of the property. Its position is inconsistent in addition, in that no objections are raised to the inclusion in the amount to be used in computing paying out commissions of amounts distributed to the State Tax Commission and special guardian prior to turning over the balance of the estate received to the administratrix c. t. a.
The court holds, therefore, that the objections to the amount and method of computation of commissions set forth in schedule “ I ” of the account are overruled. Such commissions will be computed on the full amount of the estate and not on the basis of one half of a commission on assets received and one half of a commission on assets turned over to the administratrix c. t. a. In this manner, the temporary administrator will be compensated and not penalized for the performance of those necessary duties carried out while acting as such which, although perhaps not generally within the purview of his normal functions, must often be performed by one so acting. It should be noted that even in cases where the same person acts as both temporary administrator and ultimate fiduciary, he is entitled to a one half receiving commission and in addition paying out commissions on sums actually paid out for debts, adminstration *59 expenses and gifts, even though he would not be entitled to paying out commissions on amounts turned over to himself as ultimate fiduciary by specific provision of section 285 of the Surrogate’s Court Act.
After due consideration of the services rendered by the attorneys for the temporary administrator, in the light of the applicable standards set forth in Matter of Potts (213 App. Div. 59, affd. 241 N. Y. 593), the court evaluates and hereby fixes their fee in the amount of $10,000, together with disbursements of $126, and are for all services rendered and to be rendered, including the submission of a decree and implementation thereof.