George E. Severson, S.
In this final account presented by one of three oopreliminary executors, petitioner requests commissions for itself and counsel fees for its attorneys for legal services rendered to the petitioning preliminary executor.
Two wills were offered for probate; one dated December 21, 1970, with codicils dated November .29, 1971 and March 6, 1972 was offered first, and the other dated May 26, 1972, offered two days lated. The residuary clauses, especially, in each will were quite different, with different ultimate beneficiaries in each case, and different nominated executors.
A preliminary examination of witnesses to the May 26, 1972 will was had and various motions made in the proceedings. When it appeared that delay was likely, the nominated executors in each will made separate applications for the appointment of separate preliminary executors as named in their respective *232 wills. It is to be noted that the application was made in 1972 prior to the amendment of SC'PA 1412 (suhd. 2, par. [a]) which apparently gives the person named as executor in a later will a prior right to preliminary letters testamentary. In order to facilitate the administration of this estate and to avoid a controversy between the separate applicants for preliminary letters which would have created a contest within a contest, and in the interests of justice, my predecessor, Surrogate William F. Hahn, Jr., in his discretion, on July 20, 1972 ordered that preliminary letters testamentary issue jointly to the corporate fiduciary nominated in the will and codicils bearing an earlier date and to the individual executrices nominated in the wiil which was later in date, and such letters issued on July 20,1972.
Following various adjournments and motions and following the failure of the proponents of the earlier will and codicils to file objections to the later will dated May 26, 1972, the later will was admitted to probate November 27, 1972. Now one of the eopreliminary exceutors (the corporate fiduciary named in the prior will) accounts in this proceeding to the remaining copreliminary executrices (the individual coexeoutrices named in the later will to whom full letters issued) and to all other interested parties.
No claim for commissions is made by the individual preliminary-executrices, nor is there any request made for legal services for their attorney at this time, nor is there any claim made for legal services by a different firm of attorneys which represented the corporate executor named in the prior will and codicils on its application for the probate of its will.
Discussing the question of commissions first, the petitioner in its account claims that it took possession of assets totaling $138,122.19, and received and disbursed a further sum of $621.60, of income; it computes commissions due at $4,981.03. To this request the executrices of the estate object, stating that since full letters were never issued to the corporate preliminary executor, but in fact were revoked, it is not entitled to receive commissions.
■SOPA 1412 (suhd. 7) so provides; commissions, as such, cannot be allowed to petitioner. However, under the same subdivision, should the will be denied probate or preliminary letters revoked, and full letters not issued to it, a preliminary executor shall be entitled to compensation for services as the court shall determine to be reasonable and just. The subdivision further limits compensation for such services as a sum not to exceed commissions to which a full executor would be entitled.
*233 Because of the peculiar facts of this ca.se, the section is not simple to apply; objection is also made that should compensation be awarded it should only be computed (1) upon assets received not to exceed $17,430.24, on the ground that all the assets were never in fact transferred to the preliminary executor and (2) upon assets paid not to exceed $2,277.83 on the ground that assets turned over to a successor fiduciary are not paid within the meaning of the law.
Must we use the tests and standards set forth in the many, many cases defining property received or paid out by an executor because the statute (SOPA 1412, subd. 7) sets as a guideline for compensation a sum 1 ‘ not to exceed commissions to which an executor would be entitled ”? Under the circumstances of this case, it is deemed unnecessary to examine and pursue all these cases on executors’ commissions for reasons hereinafter given.
The corporate fiduciary was duly appointed by an order of this court and letters duly issued to it. It received bank books and stock certificates by court direction as set forth in the affidavits, the value of which was approximately the sum of $138,122.19. It appears that the bank instituted some of the procedures to transfer these assets to the preliminary executors, of which it was one. It had the bank hooks and other evidence of debt in its possession and did assume some responsibility for the proper handling of the same. At the time it was acting as such fiduciary, it was not known whether, or when, the controversies then present would be resolved. As a matter of fact, it acted as a preliminary executor only for a period of about four months during which time it, much as a temporary administrator, acted as custodian for the assets of the estate.
As to what is “ reasonable ” compensation, it is deemed appropriate to see how a temporary administrator would be compensated under these circumstances, keeping in mind that a temporary administrator has generally less power than a preliminary executor.
The rule in this Department, unchanged by any authority I can find, is that a temporary administrator is entitled to full receiving and paying commissions. (Matter of King, 122 App. Div. 354.) In the King case (p. 355) commissions were allowed to a temporary administrator “ not based simply upon the money actually collected and disbursed, but upon the value of the whole estate received and passed over by him ”.
Further the court stated (p. 355) “ The fact that a certificate of stock or a book account has not been received by a temporary administrator does not control or affect his right to commissions *234 upon the value thereof. Certificates of stock are not securities for money; they are simply muniments and evidence of the holder’s title to a given share in .the property and franchise of the corporation of which he is a member, and a delivery of the certificates is not necessary to perfect title. (Mechanics’ Bank v. N. Y. & N. H. R. R. Co., 13 N. Y. 599.)”
The King case, and cases following it, were decided prior to the amendment of SOPA 902 (subd. 6) relating to compensation of temporary administrators. A similar test of ‘ * compensation for such services as shall be just, reasonable and proper ” is used in this subdivision, as is used in SOPA 1412 (subd. 7) relating to compensation of preliminary executors. However, the language of SOPA 902 (subd. 6) is specifically limited to eases under subdivision 3 of the same section involving absentees under circumstances where a temporary administrator is appointed forthwith, to serve during the pendency of the proceeding or for a maximum of six months. It is felt, therefore, that this specific legislation regarding compensation for temporary administrators did not change the rule of the King case in this Department relating to compensation of temporary administrators and the property on which the compensation is computed.
If this be true, it follows that it would be unreasonable and unjust for a preliminary executor to receive less than it would have received had it been appointed a temporary administrator, or a sum less than any temporary administrator in. any case under the Third Department rule.
Accordingly, based on this reasoning, the affidavit of services filed by the fiduciary and on all the proceedings had herein, this court deems reasonable and just compensation for services rendered to this estate by the corporate fiduciary the sum of $2,250. This amount is slightly less than one receiving commission pursuant to SOPA 2307 (subd. 1) thereby conforming to the limitation mandated by SOPA 1412 (subd. 7).
Since the accounting party was one of three preliminary execu-t tors, and since full letters were issued to the other two, it is felt that there was not a sufficient change in the legal status of the fiduciaries to justify compensation on what would be considered '“paying” under the appropriate commission sections of the SOPA, except for payment of the funeral bill and several small items amounting in all to $2,277.83 which was taken into consideration in the foregoing decision.
Under normal circumstances in the overwhelming majority of cases, the preliminary executor ultimately qualifies for full *235 letters, and becomes entitled to but one commission for the complete administration of the estate. (SOPA 1412, subd. 7; 2307, subd. 5.) The unusual aspects of this case dictate the result arrived at in this opinion. The sum awarded is in addition to necessary disbursements.
The request for counsel fees for the attorneys for the accounting preliminary executor, 1% of the estate as set forth in the account, .or $1,381.22, is supported by an affidavit of services. Such sum is considered fair .and reasonable and is allowed, together with necessary disbursements. This fee is solely for legal services to the corporate fiduciary as preliminary executor. No allowance is made to these attorneys for their services to the corporation in its appearance in the unsuccessful probate proceedings.
The firm of attorneys representing the corporate fiduciary in its probate proceeding which was dismissed has waived any claim for fees to it.
There being no other questions raised, the account is approved in all other respects.